0425

Jane O. BRADLEY, Appellant, v. Joseph Todd BRADLEY, Respondent.
(328 S. E. (2d) 647)

Court of Appeals

*Thomas M. Boulware* of *Brown, Jefferies & Boulware,* Barnwell, *for appellant.*

*Walter Bedingfield* and *Agnes Dale Moore*, Barnwell, *for respondent.*

Heard Jan. 30, 1985.

Decided March 26, 1985.

SHAW, Judge:

The family court ordered respondent Jospeh Todd Bradley to pay appellant Jane O. Bradley child support and alimony. This appeal raises three questions: whether the court abused its discretion in failing to award additional child support and alimony, and in failing to award attorney's fees. We affirm as modified.

This being an equity action tried by one judge, we have jurisdiction to determine the issues in accordance with our own view of the preponderance of the evidence *Barden v. Barden*, 278 S. C. 672, 301 S. E. (2d) 141 (1983). The issues of how much child support and alimony should be awarded, and whether attorney's fees should be awarded, rest with the sound discretion of the trial judge, whose determination will not be disturbed on appeal absent abuse of discretion. *Smith v. Smith*, 264 S. C. 624, 216 S. E. (2d) 541 (1975).

Joseph 42, and Jane, 48, were married 22 years; both seem to be in good health. They have three children, ages 10, 19, and 20; the 19 year-old is in college. Jospeh and his second wife have combined gross monthly income of $2,400 (Joseph — $1,600; second wife — $800). Jospeh pays the Federal Parole Board $25 per month for funds he embezzled, and owes the Internal Revenue Service $33,000 on a tax lien and owes the state Tax Commission $4,000 on a tax lien. In addition he is making monthly payments of $200 on a $12,000 furniture loan. Jane's net monthly income, including child support, is $674; she estimates her expenses are $960. She makes monthly payments on a $500 loan from Southern Bank, but she has not begun repaying a $1,700 loan from her brother.

The family court ordered Joseph to (1) pay Jane $250 per month support for the minor child, and (2) make the $130 payment on the college student's car. When we consider child support, the needs of the children; the incomes, earning capacities, and assets of the parents; the health, age, and general physical conditions of the parents; and the neces-

sities and living expenses of the parents are relevant. *Corley v. Rowe*, 280 S. C. 338, 312 S. E. (2d) 720 (Ct. App. 1984). As far as the needs of the children are concerned, Jane has not shown additional support from Joseph is necessary. The record reflects the minor child is normal, and there is no indication the college student needs additional support to go to school. A divorced parent may be ordered to pay for the educational expenses of an emancipated child if he has the financial ability to help and the child could not otherwise go to school. *Hughes v. Hughes*, 280 S. C. 388, 313 S. E. (2d) 32 (Ct. App. 1984). Both parents have an obligation to contribute to the support of their children. *Peebles v. Disher*, 279 S. C. 611, 310 S. E. (2d) 823 (Ct. App. 1983).

The family court ordered Jospeh to make a $200 monthly payment for furniture in Jane's possession; the court ordered no further alimony. When we consider alimony nine factors are relevant: "(1) the financial condition of the husband and the needs of the wife, (2) the age and the health of the parties, their respective earning capacity, their individual wealth, (3) the wife's contribution to the accumulation of their joint wealth, (4) the conduct of the parties, (5) the respective necessities of the parties, (6) the standard of living of the wife at the time of the divorce, (7) the duration of the marriage, (8) the ability of the husband to pay alimony, and (9) the actual income of the parties." *Lide v. Lide*, 277 S. C. 155, 283 S. E. (2d) 832 (1981). While the family court made a specific finding on only one of these factors — Joseph's ability to pay — the record contains evidence on each of the factors. Our review of this evidence convinces us the family court did not abuse its discretion in awarding no further alimony.

The family court did not order Joseph to pay Jane's attorney's fees. When we consider attorney's fees several factors are relevant, including the time and labor necessarily devoted to the case. *Nienow v. Nienow*, 268 S. C. 161, 232 S. E. (2d) 504 (1977). We hold the court abused its discretion on this issue. Based on our review of the record we order Joseph to pay Jane $250 for the time her attorney necessarily spent at the hearing before the family court.

Affirmed as modified.

CURETON and GOOLSBY, JJ., concur.