22414

Nancy B. BARONE, Respondent v. Giacomo BARONE, Appellant.
(338 S. E. (2d) 149)

Supreme Court

*H. Thomas Anderson* of *Hanson, Anderson & Chandler,* Columbia, *for appellant.*

*Ernest J. Howard* of *Howard, Howard, Francis & Reid,* Greenville, *for respondent.*

Dec. 9, 1985.

FINNEY, Justice:

This is an appeal from a Family Court order which granted the respondent wife a divorce on the grounds of appellant husband's adultery, divided the marital property, and ordered appellant to make various payments. We affirm the trial judge's order in each instance except as to possession of the marital home, which issue is remanded for clarification or modification in accordance with this order.

The appellant alleges that the Family Court erred in: (1) awarding respondent exclusive use and possession of the marital home, while at the same time recognizing that each of the parties had an undivided one-half (½) interest in the home; (2) ordering appellant to pay respondent's costs and fees for investigative services for a matter admitted by the appellant's answer; (3) awarding respondent attorney's fees and costs; (4) granting respondent exclusive ownership of all furniture and household furnishings; (5) granting alimony to the respondent; and (6) requiring the appellant to pay certain of the respondent's medical, hospital and dental expenses.

In his Decree, Paragraph 6, the Family Court judge made the following findings of fact:

> Each party shall have a one-half undivided interest in the home of the parties ... That the Petitioner shall be permitted to reside therein and to make the mortgage payments thereon so long as she resides therein. That the home shall not be sold by partition nor other means until the Respondent has provided the Petitioner with other appropriate living accommodations, the expense of which he shall bear and the performance of which shall be guaranteed by the posting of a corporate bond. This shall be considered alimony and shall be in addition to other alimony provided herein.

The appellant has interpreted this provision as granting respondent wife the exclusive use and possession of the marital home for as long as she chooses to remain there. The respondent, on the other hand, asserts that the order does not grant her exclusive possession and that the appellant

can remove her from the home by providing "other appropriate living accommodations."

Section 20-7-420(15) of the 1976 Code of Laws of South Carolina provides that the Family Court may require one spouse to provide another with necessary shelter as an incident of support. See also *Whitfield v. Hanks*, 278 S. C. 165, 293 S. E. (2d) 314 (1982). The South Carolina Court of Appeals recognized in *Smith v. Smith*, 280 S. C. 257, 312 S. E. (2d) 560 (S. C. App. 1984), that there are limitations in the awarding of shelter.

> A court should not give a spouse exclusive possession of a residence as an incident of support where the evidence reflects that a substantial portion of the other spouse's assets are invested in the home and there is no evidence either that the other spouse has custody of the parties' minor children, that the other spouse is severely handicapped, or that some other special circumstances exist which would warrant such an award. *Smith*, supra.

See also *Tucker v. Tucker*, 282 S. C. 261, 317 S. E. (2d) 764 (S. C. App. 1984), and *Shealy v. Shealy*, 280 S. C. 494, 313 S. E. (2d) 48 (S. C. App. 1984).

In view of the guidelines set out in the cases cited herein and the ambiguities in the Family Court order, this matter is remanded to the Family Court for a hearing on the issue of possession of the marital home.

The appellant's exceptions to the court's determination of costs, fees, ownership of furniture and household furnishings, alimony, medical, hospital and dental expenses are without merit and are affirmed pursuant to Rule 23.

Affirmed in part and remanded.

NESS, C. J., and GREGORY, HARWELL and CHANDLER, JJ., concur.