### 0657

Judy A. PATTERSON, Respondent v. Robert M. PATTERSON, Appellant.

(341 S. E. (2d) 819)

Court of Appeals

*Edward L. Graham*, Florence, *for appellant.*

*Cheryl Turner Hopkins*, Florence, *for respondent.*

Heard Jan. 21, 1986.

Decided March 24, 1986.

SANDERS, Chief Judge:

Appellant Robert M. Patterson appeals from a decree of the Family Court granting respondent Judy A. Patterson a divorce on the ground of adultery and deciding ancillary issues relating to child custody, visitation and support, alimony, attorney fees and equitable division of marital property. We affirm in part, reverse in part and remand.

Six questions are presented on appeal: (1) whether the trial judge erred in not recusing himself from hearing the case; (2) whether the trial judge erred in finding Mr. Patterson had committed adultery; (3) whether the trial judge erred in the amount of child support awarded; (4) whether the trial judge erred in awarding alimony; (5) whether the trial judge erred in awarding attorney fees; and (6) whether the trial judge erred in awarding Mrs. Patterson an equal interest in the marital home and its furnishings and the exclusive use of this property for up to seven years.

## QUESTION 1

Prior to the first hearing in this case, Mr. Patterson's lawyer informed the judge he would prefer not to appear before him because of the judge's relationship with his firm. Mrs. Patterson's lawyer was advised of this but waived any objection to having the judge hear the case. Mr. Patterson's lawyer made no formal objection to the judge hearing the case.

At the beginning of the final hearing, the judge stated on the record that he had earlier conferred with both lawyers and that Mrs. Patterson's lawyer again waived any objection to his hearing the case but that he would disqualify himself "if anybody had a question about it." Again, Mr. Patterson's lawyer made no objection.

We hold Mr. Patterson waived any objection he may have had to the judge hearing the case. *Cf. Butler v. Sea Pines Plantation Co.*, 282 S. C. 113, 317 S. E. (2d) 464 (Ct. App. 1984) (failure to object to a judge hearing a case on the ground of bias or prejudice constitutes a waiver to raise the issue on appeal); *Moon v. State*, 154 Ga. App. 312, 268 S. E. (2d) 366 (1980) (waiver of disqualification of trial judge may be effected expressly by agreement, or implicitly by proceeding without objection with trial when fact asserted as disqualifying is known). Moreover, we have reviewed the

findings of the trial judge and the record as a whole and can discern no bias or prejudice on the part of the judge.

## QUESTION 2

Adultery must be proved by a clear preponderance of the evidence but the evidence need not be direct and adultery may be proved by circumstantial evidence. *Loftis v. Loftis*, 284 S. C. 216, 325 S. E. (2d) 73 (Ct. App. 1985). On appeal from a decision of the Family Court, we have jurisdiction to find facts based on our own view of the evidence, but we are not required to disregard the findings of the trial judge who saw and heard the witnesses and was in a better position to evaluate their credibility. *Id.*

Based on our view of the evidence, we find essentially the same facts found by the trial judge necessary to support his decision on this issue.

## QUESTIONS 3, 4 AND 5

Child support, alimony and attorney fees are matters which rest within the sound discretion of the trial judge and his decision on these issues will not be disturbed on appeal absent an abuse of discretion. *Bradley v. Bradley*, 285 S. C. 170, 328 S. E. (2d) 647 (Ct. App. 1985).

The trial judge failed to make the specific findings on these issues required by Rule 27(c) of the Rules of Practice for the Family Courts of the State of South Carolina. Failure to comply with the rule will ordinarily result in our remanding a case for compliance. However, in the instant case we are able to find from our own review of the evidence that the trial judge did not abuse his discretion in deciding these issues.[1]

---

[1] Although one of the children for whom child support was awarded was eighteen years of age at the time of the decree, continued child support is justified due to the fact the child was in college, and the evidence meets the criteria for continued support set out in *Lafitte v. Lafitte*, 280 S. C. 473, 313 S. E. (2d) 41 (Ct. App. 1984). Mr. Patterson's only exception specifically relating to support for a child in college asserts error by the trial judge in not requiring Mrs. Patterson to pay college expenses for another of their children because of her agreement to do so. Mr. Patterson's pleadings do not raise any issue as to whether Mrs. Patterson should be required to pay college expenses for this child. This issue cannot be raised for the first time on appeal. *See Mann v. Walker*, 285 S. C. 194, 328 S. E. (2d) 659 (Ct. App. 1985).

## QUESTION 6

■ The Family Court may require one spouse to provide another with necessary shelter as an incident of support, but there are limitations on the award of exclusive use of a marital home and exclusive use may not be awarded unless warranted by special circumstances. *Barone v. Barone,* ____ S. C. ____ , 338 S. E. (2d) 149 (1985). Among the factors which should be considered in deciding whether to award a spouse exclusive possession are: (1) whether the home is to be used to provide shelter for minor children; (2) whether the occupying spouse is handicapped or has some special need for the home; (3) whether the occupying spouse cannot reasonably obtain other housing; (4) the amount of equity the other spouse has in the home; (5) the length of time the equity of the other spouse will be tied up; and (6) the total amount of support otherwise awarded, *Shafer v. Shafer,* 283 S. C. 205, 320 S. E. (2d) 730 (Ct. App. 1984).

The trial judge found the marital home and its furnishings should be equally divided between Mr. and Mrs. Patterson but postponed this division by awarding Mrs. Patterson exclusive use of this property until the youngest child of the parties was twenty-two years of age so long as he was attending an accredited educational institution and was making passing grades.[2] At the time of the decree, this child was fifteen years old. He is now, or soon will be, eighteen years old. The other children of the parties were ages eighteen and twenty-one at the time of the decree. It does not appear from the evidence that Mrs. Patterson is handicapped, has any other special need for the property or cannot reasonably obtain other housing.

On the other hand, it does appear from the evidence that Mr. Patterson has substantial equity in the home and its furnishings and his equity will be tied up for as long as seven years by the terms of the decree. It also appears that the amounts otherwise awarded for child support and alimony are also substantial.

---

[2] Mr. Patterson contends the trial judge erred in finding the division should be equal but concedes an equal division would be proper if the property had been immediately divided.

Based on this evidence, we find the award of the exclusive use of the house and furnishings to Mrs. Patterson was not justified and remand to the Family Court for an equal division of this property now.[3]

In summary, the decree of the Family Court is affirmed on the issues of the trial judge not recusing himself, granting a divorce on the grounds of adultery and awarding child support, alimony and attorney fees; reversed on the issue of the trial judge awarding the exclusive use of the marital home and its furnishings to Mrs. Patterson; and remanded for further proceedings consistent with this opinion.

Accordingly, the decree of the Family Court is

Affirmed in part, reversed in part and remanded.

BELL and CURETON, JJ., concur.

---

[3] Our Supreme Court recently decided a case awarding exclusive use of a marital home to a wife until a minor child in her custody reached age eighteen. *See Herring v. Herring*, 286 S. C. 447, 335 S. E. (2d) 366 (1985). However, this case is readily distinguishable on its facts from the instant case. There, unlike here, exclusive use was awarded only until the child reached age eighteen. Furthermore, in that case, unlike this case, the amounts awarded for child support and alimony were found by the court to be inadequate.