0888

Sara Rikard SUTTON, Petitioner-Respondent v. Harold Edwin SUTTON and Barbara B. Sutton, Respondents, of whom Harold Edwin Sutton is Appellant.

(353 S. E. (2d) 884)

Court of Appeals

*John O. McDougall*, of *Weinberg, Brown & McDougall* and *Jan L. Warner*, Sumter, *for appellant.*

*James S. Pope*, Columbia, *for petitioner-respondent.*

Heard Dec. 15, 1986.

Decided Mar. 2, 1987.

SANDERS, Chief Judge:

This is an appeal from an order of the Family Court granting the petition of respondent Sara Rikard Sutton for an increase in child support from appellant Harold Edwin Sutton; making the increase retroactive to the month after the filing of the petition; requiring Mr. Sutton to provide certain life insurance previously required to be provided by

Mrs. Sutton for the benefit of the child; requiring Mrs. Sutton to provide certain health insurance previously required to be provided by Mr. Sutton for the benefit of the child; requiring Mr. and Mrs. Sutton to each pay one-half of the costs of any medical or dental expenses incurred by the child which are not payable by insurance; requiring Mr. Sutton to pay attorney fees; and finding Mrs. Sutton in contempt of court for failing to comply with the child visitation provisions of a previous order of the Court, but neither imposing any sanctions against her nor requiring her to pay any attorney fees, costs or other expenses of Mr. Sutton. We affirm.

Mr. and Mrs. Sutton were divorced in 1977. Mrs. Sutton was awarded custody of their minor child, now fourteen years of age, by the 1977 divorce decree. In 1980, the Court issued a subsequent order establishing a rigid schedule for visitation of the child, finding Mr. Sutton to be temporarily disabled and ordering him to pay child support in the amount of $275 a month until such time as he either returned to work or was determined to be totally disabled by the Social Security Administration. The order further provided that if Mr. Sutton were determined to be disabled by the Social Security Administration, the child would receive Social Security benefits in lieu of direct support from him. The Court also ordered Mrs. Sutton to maintain $30,000 in life insurance on Mr. Sutton for the benefit of the child, and ordered Mr. Sutton to make the child the beneficiary of $30,000 of a life insurance policy on his life owned by one of his companies. In addition, Mr. Sutton was ordered to maintain medical insurance for the benefit of the child. Mr. Sutton was thereafter determined to be permanently disabled by the Social Security Administration. The child has been receiving monthly Social Security benefits since 1980 as envisioned by the order.

In 1983, Mrs. Sutton petitioned the Family Court for an increase in child support. She alleged various changes in circumstances including the fact that the health of Mr. Sutton had improved sufficiently to allow him to actively participate in the management of two businesses owned by him from which he derived substantial income. She further alleged that the needs of the minor child had increased and

inflation had caused an increase in the cost of living. Mrs. Sutton also sought an order requiring Mr. Sutton to maintain the life insurance previously maintained by her, to assume full responsibility for all medical and dental expenses incurred by the minor child, and to pay her attorney fees.

Mr. Sutton answered the petition of Mrs. Sutton and counterclaimed, seeking to have her held in contempt of court and sanctioned for interfering with his visitation rights. He further sought compensation for all expenses incurred in connection with his efforts to exercise visitation with the child pursuant to the 1980 order, as well as attorney fees, costs and expenses incurred in connection with this proceeding.

The trial judge found that Mr. Sutton's financial condition had improved since the 1980 order, and that the child's needs had correspondingly increased. Based on these findings, he ordered Mr. Sutton to pay child support of $177 a month in addition to the Social Security benefits which the child was already receiving and made the award retroactive to the month after Mrs. Sutton filed her petition. The trial judge also ordered Mr. Sutton to maintain $60,000 in life insurance on his life for the benefit of the minor child and relieved Mrs. Sutton of her obligation to maintain $30,000 in insurance on his life. He further required Mrs. Sutton to provide medical insurance for the child and relieved Mr. Sutton of this responsibility, but required him to pay one-half of the cost of the medical insurance and one-half of any medical and dental expenses of the child not payable by insurance. The trial judge also found Mrs. Sutton to be entitled to an award of attorney fees and, although he found her to be in contempt of court, he did not impose sanctions against her or require her to pay any attorney fees, costs or other expenses of Mr. Sutton.

Mr. Sutton is sixty years old and suffers from phlebitis and diabetes. Although he is limited in his physical activities and has been determined to be totally disabled, his doctor testified he could conduct some business over the telephone.

At the time of the 1980 order, Mr. Sutton owned two businesses, Sutton Meat Company and Sutton Meat Bro-

kerage Company. Since that time, the meat company has been dissolved. However, the meat brokerage company remains in business today. Mr. Sutton's present wife has been running the business since 1981. Prior to taking over the business, she was a secretary who had never earned more than $10,000 a year. Today Sutton Meat Brokerage Company pays her more than $50,000 a year.

Mr. Sutton is the sole stockholder of Sutton Meat Brokerage Company. Although he admitted he has the authority to do so, he is not willing to reduce the salary received by his present wife and declare dividends to himself. Nevertheless, Mr. Sutton received $50,152 in 1983 from the company profit sharing plan, based on prior earnings of the company.

Mrs. Sutton is employed as a nursing supervisor for the South Carolina Department of Mental Health. She earns approximately $22,000 a year. She is also a licensed real estate agent but does not earn any significant income from this occupation.

Other relevant facts will be discussed as necessary throughout this opinion.

## I

Mr. Sutton first argues that the trial judge erred in requiring him to pay child support in addition to the benefits being paid for the child by the Social Security Administration.

"The question of child support is largely within the discretion of the trial judge whose decision will not be disturbed on appeal unless an abuse of discretion is shown." *Garris v. McDuffie*, 288 S. C. 637, 641, 344 S. E. (2d) 186, 189 (Ct. App. 1986). "[C]hild support is always modifiable upon a proper showing of a change in either the child's needs or the supporting parent's financial ability." *Calvert v. Calvert*, 287 S. C. 130, 137, 336 S. E. (2d) 884, 888 (Ct. App. 1985). "There is no limitation that child support payments be made solely from current earnings." *Hughes v. Hughes*, 280 S. C. 388, 392, 313 S. E. (2d) 32, 34 (Ct. App. 1984). The assets of a person having the duty to support a child may be considered in determining the amount of child support. *Id.*

■     The record in the instant case reveals a substantial change both as to the financial condition of Mr. Sutton and the needs of the child.

At the time of the 1980 order, the trial judge considered the continued profitability of the two businesses of Mr. Sutton to be unlikely and believed that the businesses would probably be dissolved. In reality, however, the meat brokerage business continues in operation today and, despite the attempt by Mr. Sutton to paint a bleak picture of its financial condition, remains a viable entity. His present wife, who runs the business, draws a salary of over $50,000 a year plus benefits. Mr. Sutton owns 100 percent of the company and has full authority to set salary and make all other company decisions.

In the 1980 order, the trial judge found the ability of Mr. Sutton's present wife to travel on business was limited by the fact she had an aneurysm. It is clear from the record, however, that she is now able to travel as much as necessary to maintain the essential personal contacts of the meat brokerage business. There is also evidence in the record to support the finding that Mr. Sutton is today able to assume a limited role in the operation of his business, at least to the extent of conducting business over the telephone. It appears from the record that approximately 80 percent of the brokerage business is handled over the telephone.

Furthermore, Mr. Sutton's lifestyle and standard of living clearly show that his fortunes are not nearly as bad as the trial judge considered them to be in 1980, nor as bad as Mr. Sutton would have this Court believe. At the time of the 1980 order, Mr. Sutton was forced, for financial reasons, to put his home on the market. That home was sold for $179,000 and Mr. Sutton and his present wife moved into a home valued at $89,000. However, since the 1980 order he and his present wife have sold the second home and moved into a custom-built home with a swimming pool valued at over $200,000. Mr. Sutton also pays $100 a month for country club dues, buys season tickets for University of South Carolina football games and donates a scholarship to the USC athletic department.

The record also reveals that the needs of the child have increased. She has braces on her teeth which cost Mrs.

Sutton $80.00 a month. The child also is on medication costing approximately $49 a month, a three-fold increase over the cost of the medicine in 1980. Furthermore, like any normal adolescent, she is involved in extra-curricular activities such as flute and singing lessons, dancing and summer camp, all of which require some financial expenditure. The Court found that the financial needs of the child totalled approximately $1,105 a month. In the 1980 order, the trial judge did not make a specific finding as to the needs of the child, but did find that a seven-year-old child did not need "in excess of $900 a month."

Given the evidence here, the trial judge did not abuse his discretion in increasing the obligation of Mr. Sutton for child support based on a change of circumstances.

## II

Mr. Sutton also argues that the trial judge erred by awarding a retroactive award of child support.

It is within the power of the Family Court to award retroactive child support although the entitlement thereto depends upon the facts and circumstances of each case. *McSwain v. Holmes,* 269 S. C. 293, 237 S. E. (2d) 363 (1977).

Mrs. Sutton filed her petition on October 7, 1983. Although she did not specifically mention retroactive child support by name in her petition, she did allege that child support should be increased based on the circumstances existing at the time of the petition. The trial judge made the child support retroactive to November 1, 1983. We conclude that he did not err in doing so under the circumstances. *Cf. Machado v. Machado,* 220 S. C. 90, 109, 66 S. E. (2d) 629, 638 (1951) ("While the relief granted was not what was specifically prayed for, it was consistent with the case made by the bill and proof, and could be awarded under the general prayer.").

## III

Mr. Sutton next argues that the trial judge erred in considering the income and assets of his present wife.

The trial judge has the discretion to consider the income of a new spouse depending upon the facts of each particular case. *Bryan v. Bryan,* 275 S. C. 289, 270 S. E. (2d) 623 (1980).

The trial judge in the instant case found that Mr. Sutton exercised complete control over the company which generated the income paid to his present wife and that he was deliberately manipulating his own income by paying his present wife a generous salary from which he then derived substantial benefit. Both findings are supported by the evidence.

Based on these facts, the trial judge did not abuse his discretion in considering the financial condition of Mr. Sutton's present wife.

## IV

Mr. Sutton further argues that the trial judge erred by not imposing sanctions against Mrs. Sutton after finding her in contempt.

Although the Family Court is empowered to find and punish for contempt, there is no requirement that sanctions be imposed upon a finding of contempt. *See* Section 20-7-1350, Code of Laws of South Carolina, 1976, as amended ("Any adult found in contempt of court *may* be punished. . . ." [Emphasis added.]); *Haselwood v. Sullivan*, 283 S. C. 29, 32-33, 320 S. E. (2d) 499, 501 (Ct. App. 1984) ("A determination of contempt is a serious matter and should be imposed sparingly; whether it is or is not imposed is within the discretion of the trial judge, which will not be disturbed on appeal unless it is without evidentiary support.").

In this case, Mr. Sutton sought sanctions against Mrs. Sutton for willfully violating the prior order of the Court regarding visitation and for attempting to destroy his relationship with the child. The trial judge found that Mrs. Sutton had violated the prior orders by "effectively aid[ing] the child in her efforts to avoid visiting with [Mr. Sutton]."

The trial judge apparently felt that the conduct of Mrs. Sutton did not require the imposition of sanctions. We conclude that he did not abuse his discretion in not imposing sanctions against her.

## V

Mr. Sutton next argues that the trial judge erred in requiring Mr. Sutton to provide additional insurance on his life for the benefit of the child and in relieving Mrs. Sutton of her responsibility to provide such insurance.

Mr. Sutton contends that he should not be required to provide this additional life insurance because he is uninsurable. This contention, however, overlooks the fact that there is already a policy in effect on his life owned by his company. This policy provides a death benefit in excess of $60,000. A lien had previously been placed against its proceeds by a Georgia bank which had made a loan to the company, but Mr. Sutton testified that this lien had been removed. Thus, there is nothing to prevent Mr. Sutton from assigning $60,000 of this insurance coverage to his child as beneficiary. Of course, Mr. Sutton could also simply take up the payment of the premiums on the policy which Mrs. Sutton had been maintaining on his life.

In view of these facts and Mr. Sutton's improved financial condition, the trial judge did not err in requiring him to provide the life insurance previously provided by Mrs. Sutton and in relieving her of this obligation.

## VI

Mr. Sutton further argues that the trial judge erred by finding Mrs. Sutton was entitled to attorney fees.

"An award of attorney fees lies within the sound discretion of the trial judge and will not be disturbed on appeal absent an abuse of discretion." *Garris v. McDuffie*, 288 S. C. at 644, 344 S. E. (2d) at 190. We conclude that the trial judge did not abuse his discretion on this issue in the instant case.

## VII

Mr. Sutton next argues that the trial judge erred "by failing to make specific findings of fact, by making erroneous findings of fact, and by otherwise violating Rule 27."

Mr. Sutton first claims error under Family Court Rule 27(C) because the trial judge did not issue his order until more than a month after the final hearing. He alleges that this delay caused the trial judge to forget the testimony presented at the hearing but he neither points to any forgotten testimony nor shows how he was prejudiced by the delay. *See Sturkie v. Sifly*, 280 S. C. 453, 460, 313 S. E. (2d) 316, 320 (Ct. App. 1984) ("An error not shown to be prejudicial does not constitute grounds for reversal.").

Mr. Sutton further claims the trial judge erred in ▮▮ failing to make specific findings of fact as required by Rule 27(C). Although failure to comply with Rule 27(C) will ordinarily result in a remand, if this Court can make its own findings from its review of the evidence, remand is not necessary. *Patterson v. Patterson*, 288 S. C. 282, 341 S. E. (2d) 819 (Ct. App. 1986). Based on our review of the evidence in the instant case, we find that the result reached by the trial judge is supported by the evidence.

## VIII

Mr. Sutton finally argues that the trial judge erred by "acting as an appellate court by interpreting a prior unappealed order and by attempting to relitigate matters previously litigated and determined by an unappealed order." We conclude that his argument on this point is manifestly without merit. *See* Section 14-8-250, Code of Laws of South Carolina, 1976, as amended ("[T]he Court need not address a point which is manifestly without merit.").

For these reasons, the order of the Family Court is

Affirmed.

GARDNER and SHAW, JJ., concur.