## 1165

Phillip Roy BROOME, Respondent v. JillAnne LARKIN, Appellant.
(369 S. E. (2d) 153)

Court of Appeals

*Kirby D. Shealy, Jr.,* Columbia, *for appellant.*

*Frank A. Barton,* West Columbia, *for respondent.*

Heard April 11, 1988.

Decided May 23, 1988.

SHAW, Judge:

Respondent, Phillip Roy Broome, petitioned the family court for a change in custody of one of the parties' minor children and a reduction of child support. From an order granting the change of custody and reducing the child support, appellant, JillAnne Larkin, appeals. We affirm.

The parties were divorced in 1984. Pursuant to a custody, property settlement and support agreement, Mrs. Larkin was awarded custody of the parties' two minor children and Mr. Broome was to pay $570 per month in child support. In June of 1986, the oldest child began living with Mr. Broome and the parties agreed the child should remain with him. Mr. Broome commenced this action seeking custody of the older child and a modification in child support based on change of circumstances. Following testimony of the parties and consideration of their financial declarations, the trial judge granted Mr. Broome custody of the older child, ordered Mr. Broome to take over paying health insurance on the older child and reduced the child support payments made by Mr. Broome to Mrs. Larkin to $150 per month.

Mrs. Larkin contends the trial judge erred in considering evidence of her new husband's income in determining whether to reduce child support. She also claims error in the amount of the reduction. First, in determining whether to modify a parent's child support obligation, the trial judge has the discretion to consider the income of a new spouse, depending upon the facts of each particular case. *Sutton v. Sutton*, 291 S. C. 401, 353 S. E. (2d) 884 (Ct. App. 1987). Further, while the trial judge did find Mrs. Larkin's current husband earned approximately $28,000 per year,[1] it does not appear that he relied on this in determining whether to reduce Mr. Broome's child support payments. In his order, the trial judge stated:

---

[1] It should be noted the trial judge also found Mr. Broome's current wife earned approximately $24,500 per year.

I further find that a substantial change of conditions has occurred as Michelle is now living with the Plaintiff. In consideration of the expenses which will result from assuming custody of Michelle, Plaintiff is entitled to a modification of child support. Because Plaintiff's earnings are higher than Defendant's however, he should continue support payments on behalf of Melissa.

Mrs. Larkin was not ordered to contribute toward the support of the child in Mr. Broome's custody. However, the law is clear that both parents have an obligation to support their children. *Sauls v. Sauls*, 287 S. C. 297, 337 S. E. (2d) 893 (Ct. App. 1985). Because Mr. Broome's income was higher than Mrs. Larkin's, he was ordered to contribute to the support of the child in Mrs. Larkin's custody despite the fact each party was charged with the primary care of one child.

Finally, a review of the record supports the reduction of child support based on the change of custody of one of the parties' children. For the foregoing reasons, the order below is

Affirmed.

SANDERS, C. J., and BELL, J., concur.