1175

Nellie B. CEHEN, Respondent-Appellant v.
Bobby Ray CEHEN, Appellant-Respondent.
(369 S. E. (2d) 659)

Court of Appeals

*James R. Mann,* Greenville, *for appellant-respondent.*

*Kenneth C. Porter,* of *Porter & Rosenfeld,* Greenville, *for respondent-appellant.*

Heard April 20, 1988.

Decided June 6, 1988.

GARDNER, Judge:

This is a cross appeal from a divorce decree which awarded Nellie B. Cehen (the wife) the exclusive possession of the marital home for a period of three years and alimony. We reverse and remand.

The parties were married on December 25, 1955, and had three children, now emancipated. At the time of the hearing, the husband was 52 and the wife 51 years of age. The wife

had a stroke about six years ago and now draws $250.00 per month social security; the husband has a net monthly income of $1,604.53

The appealed order awarded the wife $200.00 monthly alimony and as an incident of support, exclusive possession of the marital home for three years.

The courts of this state have held that exclusive use of a marital home may not be awarded as part of a divorce decree unless warranted by special circumstances. Among the factors which should be considered in deciding whether to award a spouse exclusive possession are (1) whether the home is to be used to provide shelter for minor children, (2) whether the occupying spouse is handicapped or has some special need for the home, (3) whether the occupying spouse cannot reasonably obtain other housing, (4) the amount of equity the other spouse has in the home, (5) the length of time the equity of the other spouse would be tied up and (6) the total amount of support otherwise awarded. *Patterson v. Patterson*, 288 S. C. 282, 341 S. E. (2d) 819 (Ct. App. 1986).

We have carefully reviewed the record before us, and applying the above rules of law to the facts of this case, we hold that the record does not support the award of exclusive possession of the marital home to the wife.

The marital home was the only major asset of the marriage and the husband's equity represents nearly all of the marital property awarded to him. The house needs repair and seems likely to decline with a resulting decrease in value, especially over a three-year period. Shelter for minor children is not involved in this case.

The wife suffers from some disabilities but is not critically handicapped. Nothing of record indicates that the marital home specially meets the wife's needs as a result of her disabilities. There is nothing of record to indicate that a suitable alternative housing arrangement for the wife is not available. Additionally, in our opinion, the house is larger than what the wife needs. We therefore hold that the award to the wife of the exclusive use of the home for a period of three years was error; for this reason we reverse the appealed order.

Since the exclusive use of the home and the payment by the husband of the mortgage on the home and other expenses was held, and properly so by the appealed order as an incident of alimony, we reverse the appealed order's award of alimony and remand this issue to the trial court for purposes of reconsidering the award of alimony with directions that the factors set forth in the case of *Courie v. Courie*, 288 S. C. 163, 341 S. E. (2d) 646 (Ct. App. 1986) upon rehearing be fully considered by the trial judge in awarding the wife alimony.

For the above reasons, the appealed order is reversed and the case is remanded in accordance with this decision.

Reversed and remanded.

CURETON and GOOLSBY, JJ., concur.