22899

William L. HALLUMS, Appellant v. Patrick Ann HALLUMS, Respondent.
(371 S. E. (2d) 525)

Supreme Court

*Thomas M. Hall,* Greenville, *for appellant.*

*Stuart G. Anderson,* Greenville, *for respondent.*

Submitted July 14, 1988.

Decided Aug. 29, 1988.

TOAL, Justice:

This case involves the issue of whether a mother can recover retroactive child support from the father once the child reaches majority. The trial court awarded the mother retroactive child support covering a span of sixteen years for a child who is now 24 years old, and attorney's fees. Father appeals the decision of the trial court. We reverse.

The parties were married in 1963. In September of 1963, a daughter was born of the marriage. Soon thereafter, the husband separated from the wife, but continued to reside in Greenville. In 1968, the husband initiated divorce proceedings by serving the wife with a Summons and Petition. Included in the petition was a statement that the husband would pay ten dollars ($10.00) per week in child support. The mother never responded to the divorce petition. The suit was never adjudicated.

That year, the father moved to Massachusetts. The mother stayed in South Carolina. In 1974, the mother and daughter also moved to Massachusetts where the daughter attended sixth grade. The mother testified that she saw the father approximately six times during that year, but never received any child support from him despite repeated requests. After spending a year in Massachusetts, the mother and daughter returned to South Carolina.

In 1987, the father, disabled and no longer working, moved back to South Carolina. He then filed this petition for divorce on the ground of one year's separation. Mother counterclaimed for past due child support.

Judge Joseph W. Board granted the divorce on the ground of one year's separation, awarded $8,490.00[1] to the wife in

---

[1] The trial judge computed the past child support by utilizing the amount set forth in the unadjudicated first petition, that is, ten dollars per week for 16.33 years.

retroactive child support, and required that the husband pay a portion of the wife's attorney's fees.

## I. JURISDICTION

Father argues that the family court lacked jurisdiction pursuant to S. C. Code Ann. § 20-7-420 (Law Co-op. 1985) to adjudicate the child support award since the daughter was no longer a minor. Section 20-7-420(11) and (14) grants the family court exclusive jurisdiction to hear, to determine and to order support of a child. We hold that the family court had jurisdiction to decide whether the mother was entitled to child support retroactively.

## II. RETROACTIVE ALLOWANCE OF CHILD SUPPORT

The question of the award of child support is largely within the discretion of the trial judge whose decision will not be disturbed on appeal unless an abuse of discretion is shown. *Garris v. McDuffie*, 288 S. C. 637, 641, 344 S. E. (2d) 186, 189 (Ct. App. 1986). The dispositive issue is whether the trial judge abused his discretion in awarding retroactive child support for a period of sixteen years for a child who is now 24 years of age.

We have previously addressed the issue of whether a family court judge may award child support retroactively in *McSwain v. Holmes*, 269 S. C. 293, 237 S. E. (2d) 363 (1977). There, the wife sought to recover child support for the three years that she had cared for the parties' child. Although we found that retroactive child support could be awarded based on the facts and circumstances of the case, we concluded that the evidence preponderated against retroactive support. Specifically, we noted that the wife never previously demanded support, and that any amount of support retroactive for three years would constitute a substantial aggregate amount which the husband would be unable to pay in a lump sum.

In *Major v. Major*, 277 S. C. 318, 286 S. E. (2d) 666, 668 (1982), we again opined that the issue of retroactive support was to be resolved in accordance with the evidence presented. We, thus, awarded the mother retroactive support for her minor child for *the sixteen months* preceding the divorce decree.

The South Carolina Court of Appeals similarly analyzed the issue of retroactive child support in *Sutton v. Sutton*, 291 S. C. 401, 353 S. E. (2d) 884 (Ct. App. 1987). The Court noted that the entitlement to retroactive child support depended on the facts and circumstances of each case. Since the petitioner requested that the support be increased based on the facts and circumstances existing at the time of the petition, the Court granted retroactive child support to the month before the date of the petition.

The case at bar, however, is notably different from the facts presented in *McSwain, Major,* and *Sutton* wherein our Court and the Court of Appeals considered awarding child support retroactively. In each of the aforementioned cases, the mother petitioned for retroactive child support during the child's minority. Here, the child, around whom this dispute centers, is an adult: she was twenty-four years old at the time of the hearing. Additionally, the amount of time that child support was awarded retroactively—one month in *Sutton* and sixteen months in *McSwain*—entitles the mother only to a small aggregate sum of child support. In contrast, the mother, in the present case, demands past child support for approximately sixteen years, which would place a substantial hardship on the father. The large aggregate sum of child support demanded by the mother is similar to the facts presented in *McSwain* wherein we rejected the mother's claim for three years of past child support. We find that since the mother did not attempt to enforce the child support during the child's minority and the child is now 24 years old, and because the mother requests sixteen years of retroactive child support, it would be inequitable to require the father to pay child support at this juncture.

In addition to the lack of authority in the retroactive child support cases to award such relief, we also hold that the mother's claim would be barred by laches. Laches is neglect for an unreasonable and unexplained length of time, under circumstances affording opportunity for diligence, to do what in law should have been done. *Byars v. Cherokee County*, 237 S. C. 548, 118 S. E. (2d) 324 (1961). Whether a claim is barred by laches is to be determined in light of facts of each case, taking into consideration whether the delay has worked injury, prejudice, or

disadvantage to the other party; delay alone in assertion of a right does not constitute laches. *Arceneaux v. Arrington,* 284 S. C. 500, 327 S. E. (2d) 357 (Ct. App. 1985). In sum, the father must establish the following elements to prove laches: (1) delay, (2) unreasonable delay, (3) prejudice.

In equity actions in which the case was heard by a family court judge, we will review the entire record for purpose of determining facts in accordance with our own view of the preponderance of the evidence. *Jones v. Jones,* 270 S. C. 280, 241 S. E. (2d) 904 (1978). The record reflects that the mother delayed enforcing her right to child support from the father. The father separated from the mother in 1964, and remained in the jurisdiction for four years. In 1968, the father initiated divorce proceedings by serving the mother with a Summons and Petition. The mother chose not to respond. The other never brought any formal adjudicatory proceeding against the father. Since the mother had sixteen years during which she could have enforced her right to have the father support their now 24 year old child, we hold that twenty-two years constituted a delay.

We also conclude that the mother's delay in not enforcing the child support was unreasonable. The mother argues that the delay was reasonable because the father left South Carolina, and she could not obtain jurisdiction over the father. We are not persuaded by the mother's argument. The father remained in South Carolina three years after he separated from the mother, during which time the mother could have enforced the child support payments. The mother also could have responded to the first divorce petition in 1968. Additionally, the mother moved to Massachusetts for one year and could have brought an action against the father at that point. The mother waited twenty-two years to obtain a judicial ruling on the child support. Not only did she wait twenty-two years to attempt to enforce the child support, she did not initiate the divorce proceeding, but merely counterclaimed for child support. We find that the mother was afforded numerous opportunities to enforce the child support before the child became an adult. We, therefore, find that her lack of diligence in doing so was unreasonable.

Lastly, the testimony reveals that the father was prejudiced by the mother's delay in asking for child support. The

father claimed he was prejudiced because the judge speculated when computing the child support award for sixteen years of retroactive support after twenty-two years had passed. He also claimed that he was prejudiced because he is now disabled, and thus, cannot afford to pay child support retroactively. We agree that the speculative nature of computing past child support for 16 years as well as the substantial burden of paying a large amount of past due child support prejudiced the father. The mother's claim for retroactive child support, therefore, is barred by laches.

## III. ATTORNEY'S FEES

Father maintains that the trial court abused its discretion in awarding $500.00 in attorney's fees. Since we reverse the decision of the trial court awarding retroactive child support, we concurrently must reverse the award of attorney's fees to the mother.

Reversed.

GREGORY, C. J., and HARWELL, CHANDLER and FINNEY, JJ., concur.