**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 00-1341**

———————

LOUISE D. ANTON, as Personal Representative of
the Estate of Richard J. Anton,

Plaintiff - Appellant,

versus

GENERAL ELECTRIC COMPANY,

Defendant - Appellee.

———————

Appeal from the United States District Court for the District of
South Carolina, at Columbia.  Joseph F. Anderson, Jr., Chief Dis-
trict Judge.  (CA-99-768-3-17)

———————

Submitted:  October 31, 2000        Decided:  November 16, 2000

———————

Before NIEMEYER, WILLIAMS, and KING, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Michael W. Tighe, Demetri K. Koutrakos, CALLISON, TIGHE & ROBINSON,
L.L.P., Columbia, South Carolina, for Appellant.  William C. Wood,
Jr., NELSON, MULLINS, RILEY & SCARBOROUGH, L.L.P., Columbia, South
Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Louise D. Anton[*] appeals the district court's order granting summary judgment in favor of General Electric and dismissing this civil action as barred by the applicable statute of limitations, S.C. Code Ann. § 10-143 (Law Co-op. 1952), and by the equitable doctrine of laches. Hallums v. Hallums, 371 S.E.2d 525, 528 (S.C. 1988). Anton sued General Electric alleging that the company had failed to issue him eighty-eight shares of stock as a result of a three-for-one stock split in 1954. We have reviewed the record and the district court's opinion and find no reversible error. The district court properly concluded that a reasonable person would have known or should have known of the effect of the 1954 stock split on her shares long before 1999. See Republic Contracting Corp. v. South Carolina Dep't of Highways & Pub. Transp., 503 S.E.2d 761, 766 (S.C. Ct. App. 1998). Accordingly, the district court's order is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*] Richard J. Anton died during the pendency of this litigation. His personal representative, Louise D. Anton, was substituted as the plaintiff in the action.

2