**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

Pankaj Patel, individually and derivatively on behalf of Nominal Defendant, VP Enterprises, Inc., Appellant,

v.

Krish Patel, Vijay Patel, and P Communications, Inc., Respondents.

Appellate Case No. 2015-000162

Appeal From Greenville County
Edward W. Miller, Circuit Court Judge

Unpublished Opinion No. 2016-UP-247
Heard April 19, 2016 – Filed June 1, 2016

**AFFIRMED**

James R. Gilreath and William Mitchell Hogan, of The Gilreath Law Firm, P.A., and Monty D. Desai, Nihar Manhar Patel, and John Matthew Whitehead, of The Carolina Law Group, all of Greenville, for Appellants.

William W. Wilkins, Kirsten Elena Small, and Andrew A. Mathias, of Nexsen Pruet, LLC, and Thomas L. Stephenson, of Stephenson & Murphy, all of Greenville, for Respondents.

**PER CURIAM:** Pankaj Patel, individually and as a shareholder of V.P. Enterprises, Inc. (collectively, Appellants), sued former business associates, Krish Patel, Vijay Patel, and P Communications, Inc. (collectively, Respondents), alleging various causes of action relating to the parties' efforts to obtain an authorized agent agreement with Verizon Wireless. Appellants contend Krish violated certain duties by working with another individual to obtain an agency agreement after V.P. Enterprises' application had been rejected. The circuit court ruled Appellants' legal claims were barred by the statute of limitations and any equitable claims were barred by the doctrine of laches. We affirm.[1]

1.  Appellants contend the statute of limitations was tolled by Respondents' fraudulent concealment of details regarding his work with another individual to obtain an authorized agent agreement. We disagree.[2] On appeal of an action at law tried without a jury, the appellate court will not disturb the trial court's findings of fact unless no evidence reasonably supports them, and questions regarding credibility are exclusively for the trial court. *See Branche Builders, Inc. v. Coggins*, 386 S.C. 43, 47, 686 S.E.2d 200, 202 (Ct. App. 2009). "*Deliberate acts of deception* by a defendant calculated to conceal from a potential plaintiff that he has a cause of action toll the statute of limitations." *Doe v. Bishop of Charleston*, 407 S.C. 128, 140, 754 S.E.2d 494, 500-01 (2014) (emphasis added). "Parties in a fiduciary relationship must fully disclose to each other all known information that is *significant and material*, and when this duty to disclose is triggered, *silence* may constitute fraud." *Anthony v. Padmar, Inc.*, 320 S.C. 436, 449, 465 S.E.2d 745,

---

[1] Because the statute of limitations and laches issues are dispositive of this case, we decline to address Appellants' remaining arguments. *See Futch v. McAllister Towing of Georgetown, Inc.,* 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (indicating when an issue is dispositive of an appeal the court need not address remaining issues).

[2] "An action against an officer for failure to perform the duties imposed by this section must be commenced within three years after the cause of action has accrued, or within two years after the time when the cause of action is discovered, or should reasonably have been discovered, whichever sooner occurs. This limitations period does not apply to breaches of duty which have been concealed fraudulently." S.C. Code Ann. § 33-8-420(e) (2006).

752 (Ct. App. 1995) (emphases added).  In this case, ample evidence in the record supports the circuit court's ruling Krish's discussion with Pankaj on October 18, 2008, regarding the opening of the Verizon Wireless store on Pelham Road put Pankaj on notice of a potential claim.  Even if Krish owed a fiduciary duty to Pankaj at that time, Krish was not silent regarding his actions and no evidence was presented to suggest he or Vijay participated in deliberate acts of deception to mislead Pankaj.  Additionally, the circuit court found Krish's testimony to be more credible than Pankaj's.

2.      Appellants contend the doctrine of laches did not bar any equitable claims.  They maintain any delay in filing suit was not unreasonable because Krish and Vijay concealed their actions.  We disagree.  "Our duty in equity cases to review challenged findings of fact as well as matters of law does not require that we disregard the findings below or that we ignore the fact that the trial judge, who saw and heard the witnesses, was in better position than we are to evaluate their credibility; nor does it relieve appellant of the burden of convincing this court that the trial judge erred in his findings of fact." *Lewis v. Lewis*, 392 S.C. 381, 385, 709 S.E.2d 650, 652 (2011) (quoting *Inabinet v. Inabinet*, 236 S.C. 52, 55-56, 113 S.E.2d 66, 67 (1960)).  "Laches is an equitable doctrine defined as 'neglect for an unreasonable and unexplained length of time, under circumstances affording opportunity for diligence, to do what in law should have been done.'" *Strickland v. Strickland*, 375 S.C. 76, 83, 650 S.E.2d 465, 469 (2007) (quoting *Hallums v. Hallums*, 296 S.C. 195, 198, 371 S.E.2d 525, 527 (1988)).  "In order to establish laches as a defense, a defendant must show that the complaining party unreasonably delayed its assertion of a right, resulting in prejudice to the defendant." *Id.*  In this case, as previously discussed, ample evidence in the record supports the circuit court's finding Appellants knew or should have known of a potential claim against Respondents on October 18, 2008.  Furthermore, evidence supports the circuit court's conclusion the delay in pursuing a cause of action resulted in Krish continuing to work and grow P Communications into a successful enterprise without contribution from Pankaj.  Krish is therefore prejudiced if Pankaj is permitted to seek damages arising from P Communications's success.  Based on all of the foregoing, the judgment of the circuit court is

**AFFIRMED.**

**HUFF, A.C.J., and KONDUROS and GEATHERS, JJ., concur.**