1166

Carol G. NICHOLSON and Deborah Lee Lewis, Respondents v.
Daniel T. LEWIS, Jr., Appellant.

(369 S. E. (2d) 649)

Court of Appeals

*Robert Marshall Jones,* Rock Hill, *for appellant.*

*George W. Speedy,* Camden, *for respondents.*

Heard April 12, 1988.

Decided May 23, 1988.

SHAW, Judge:

Respondents, Carol G. Nicholson and Deborah Lee Lewis, commenced this action in family court against appellant, Daniel T. Lewis. From an order granting Mrs. Nicholson's request for an increase in child support and requiring Mr. Lewis to pay one-half of Deborah's college expenses, Mr. Lewis appeals. We affirm.

Mrs. Nicholson and Mr. Lewis were divorced in 1980. They have three children, two of whom live with Mrs. Nicholson. The oldest child, Daniel, is emancipated. At the time of the

hearing, their daughter, Deborah, was 18 years of age and was attending Winthrop College while living at home with her mother, her 14 year old brother Charles, and her stepfather. Mr. Lewis was paying a total of $50.00 per week child support for Deborah and Daniel plus $30.00 per month to reimburse Mrs. Nicholson for health insurance carried on the children. Mrs. Nicholson sought an increase in child support for Charles, and Deborah sought to require Mr. Lewis to contribute towards her educational expenses. Following a hearing, the trial judge ordered Mr. Lewis to pay support for Charles in the amount of $50.00 per week and to pay $342.60 per month for one-half of Deborah's educational expenses.

Mr. Lewis contends the trial judge abused his discretion in increasing the child support from $50.00 per week for two children to $50.00 per week for one child. He argues there is no substantial change warranting such an increase. He further contends there was no evidence he had the ability to pay such an increase.

The issue of child support is subject to the continuing review of the family court. *Stevenson v. Stevenson*, 276 S. C. 475, 279 S. E. (2d) 616 (1981). Child support may be modified upon a proper showing of a change in either the child's needs or the supporting parent's financial ability. *Calvert v. Calvert*, 287 S. C. 130, 336 S. E. (2d) 884 (Ct. App. 1985). The amount of child support awarded is within the sound discretion of the trial judge whose decision will not be disturbed on appeal absent an abuse of discretion. *Millis v. Millis*, 282 S. C. 610, 320 S. E. (2d) 66 (Ct. App. 1984).

In the instant case, the record reflects a substantial change in the needs of Charles. At the time of the divorce, Charles was only 6 years old, but had reached the age of 14 at the time of the hearing on this matter. Mrs. Nicholson testified to an increase in expenses for Charles' food, clothes, school and social activities. See *Campbell v. McPherson*, 268 S. C. 444, 234 S. E. (2d) 774 (1977) and *Fender v. Fender*, 256 S. C. 399, 182 S. E. (2d) 755 (1971).

Further, § 20-7-40 of the South Carolina Code of Laws (1981) provides as follows:

A husband or wife declared to be chargeable with the support of his or her spouse and children, *if possessed of*

*sufficient means or able to earn such means,* may be required to pay for their support a fair and reasonable sum according to his or her means, as may be determined by the court. (Emphasis added.)

The trial judge noted and the record reveals Mr. Lewis was evasive to questions dealing with his financial condition and failed to report income and other assets in a deliberate attempt to avoid payment of child support obligations. He concluded Mr. Lewis is capable of earning in excess of $24,000 per year, having the skill necessary to make such income. The record sufficiently supports the findings of the trial judge and we therefore hold he committed no error in increasing the amount of child support for Charles.

Mr. Lewis also contends the trial judge erred in ordering him to pay one-half of the college expenses of Deborah. He argues the trial judge failed to consider Deborah's ability to finance her own education. He also contends there is no evidence he has the ability to pay for such.

In *Risinger v. Risinger,* 273 S. C. 36, 253 S. E. (2d) 652 (1979), our Supreme Court held a family court judge could require a parent to contribute to the educational expenses of a child over 18 where there is evidence:

(1) the characteristics of the child indicate that he or she will benefit from college;
(2) the child demonstrates the ability to do well, or at least make satisfactory grades;
(3) the child cannot otherwise go to school; and
(4) the parent has the financial ability to help pay for such an education.

As to Mr. Lewis' ability to financially assist in Deborah's education, we have already addressed this issue under his appeal of the increase in child support and hold the record reflects Mr. Lewis' *capability to* pay.

Mr. Lewis argues the trial judge erred in finding Deborah could not otherwise go to school. He claims the trial judge failed to consider Deborah's ability to pay for her own education and Mrs. Nicholson's ability to assist Deborah.

In the case of *Wagner v. Wagner,* 285 S. C. 430, 329 S. E. (2d) 788 (Ct. App. 1985), this court held two other factors must be taken into account when ordering a

parent to support an emancipated child so that child might attend college. These factors include (1) the availability of grants and loans and (2) the ability of the child to earn income during the school year or on vacation.

The record indicates Deborah and her mother are making every effort to keep Deborah in school. Deborah agreed, at the request of her father, to attend a local college so that she might commute and minimize expenses.[1] She works full time during the summer months and helps with expenses on the upkeep of the automobile she uses for commuting. While Deborah attempted to maintain a part time job during the school year, a conflict in hours forced her to quit that job. However, at the time of the hearing, she was searching for part time work. Deborah also obtained a grant in the amount of $300.00 and a student loan in the amount of $2,000.00. Her mother provides her with a home, an automobile and living expenses, including gasoline, tuition, books and other fees.

We therefore hold the trial judge did not err in ordering Mr. Lewis to pay one-half of his daughter's educational expenses.

Affirmed.

SANDERS, C. J., and BELL, J., concur.

---

[1] It should be noted that the father admits he agreed to pay half of Deborah's expenses.