23015

Gene THOMPSON, Respondent v. Harriett BALLENTINE, Appellant.
(379 S. E. (2d) 896)

Supreme Court

*C. Dixon Lee, II* of *McLaren & Lee,* Columbia, *for appellant.*

*H. Stanley Feldman,* Charleston, *for respondent.*

Heard Jan. 11, 1989.

Decided May 15, 1989.

HARWELL, Justice:

This is a domestic dispute involving a property settlement agreement which was made part of a family court order. We reverse.

## FACTS

The parties in this case were divorced on November 7, 1986. At the hearing, a settlement agreement was read into the record and became part of the Order. Pursuant to this agreement and Order, Respondent (Mr. Thompson) was to continue to maintain and enjoy ownership of a membership in the River Hills Country Club ("the Club").

The portion of the Order dealing with the Country Club membership reads:

> (f) The parties agree to continue the River Hills Country Club membership, with Defendant [Mr. Thompson] responsible for the dues thereof. If Plaintiff decides to move from River Hills and/or sells said property she will give Defendant thirty (30) days advance notice of the same and will cooperate in allowing Defendant an opportunity to maintain the membership. Likewise, if the Defendant decides to terminate the membership, Plaintiff shall be given thirty (30) days advance notice.

Almost immediately after the divorce, Mrs. Ballentine wrote the following letter to the Board of Directors of the Club:

> Please be advised that Gene Thompson and I were divorced on November 6, 1986. As he has never been a property owner here, I would like to request that the membership be put in new names [sic], Mrs. James Bruce Ballentine, effective December 1, 1986. I also would like to drop the golf membership at that time.

Mrs. Ballentine testified that she wrote the letter at the request of a Club representative because he informed her that she was in violation of the Club's By-laws. The By-laws provide that applicants must own a fee simple interest in real estate in order to be a resident member with golf

privileges. Consequently, Mr. Thompson's membership and golf privileges were revoked.

Mr. Thompson brought an action in the family court seeking to have Mrs. Ballentine pay him a sum of $10,000 representing the cost of a new membership or to have the agreement set aside and a new equitable distribution conducted. The family court found that Mrs. Ballentine had acted maliciously in writing the letter and had intentionally destroyed the asset. The court then awarded Mr. Thompson $10,000. Mrs. Ballentine appeals.

## DISCUSSION

Mr. Thompson asked the family court to either: 1) modify a final order by re-opening the equitable distribution award as previously ordered; or 2) award him $10,000 as damages for the loss of his membership. A family court lacks jurisdiction to do either of these two things.

## A. MODIFICATION OF A FINAL ORDER

The equitable distribution statute clearly provides that "[t]he [family] court's order as it affects distribution of marital property shall be a final order not subject to modification except by appeal or remand following proper appeal." S. C. Code Ann. § 20-7-472 (Cum. Supp. 1988). Mr. Thompson did not appeal the family court's order. Consequently, the order became final.

Relief from a final judgment must be had through Rule 60 of the South Carolina Rules of Civil Procedure, which is the mechanism for "Relief from [a] Judgment or Order." Mr. Thompson did not proceed under Rule 60.

His petition does, however, include a general allegation of mistake. Even construing his petition so liberally as to consider this to be a Rule 60(b) motion on the ground of mistake, we do not find that any mistake was made. Mr. Thompson testified that he knew and understood the by-laws of the Club. He entered into an agreement seeking to circumvent the rules of the Club, but was unsuccessful. He has failed to make a showing of mistake or any other ground sufficient to entitle him to relief under Rule 60.

## B. DAMAGE AWARD

In his petition, Mr. Thompson asks the court to award him $10,000 as "specific damages" to "compensate for the loss of his membership." The judge, in his order, stated: "[Mr. Thompson's] asset was ... destroyed. I find the value of it is $10,000 and I will give him a judgment against [Mrs. Ballentine] in the amount of $10,000."

Family courts are courts of limited jurisdiction, as provided by S. C. Code Ann. § 20-7-420 (1976), which states:

> The family court shall have exclusive jurisdiction:
> (2) To hear and determine actions: For divorce, *a vinculo matrimonii*, separate support and maintenance, legal separation, and in other marital litigation between the parties, and for settlement of all legal and equitable rights of the parties in and to the real and personal property of the marriage ... if requested in the pleadings.

This section does not give the family court authority to make an award such as the one made here. *Peake v. Peake*, 284 S. C. 591, 327 S. E. (2d) 375 (Ct. App. 1985). The acts of a court without subject matter jurisdiction are void. *Cox v. Lunsford*, 272 S. C. 527, 252 S. E. (2d) 918 (1979).

## CONCLUSION

The family court did not have jurisdiction to modify the final decree nor did it have jurisdiction to award damages. Therefore, the order of the family court is

Reversed.

GREGORY, C. J., and CHANDLER, FINNEY and TOAL, JJ., concur.