1378

Mildred J. KIRSCH, Respondent v. Norman KIRSCH, Appellant.
(Two Cases)

(383 S. E. (2d) 254)

Court of Appeals

*William H. Ehlies,* Greenville, *for appellant.*

*O. W. Bannister, Jr.,* Greenville, *for respondent.*

Heard June 12, 1989.

Decided July 31, 1989.

CURETON, Judge:

This is a divorce case. The issues on appeal are (1) apportionment of the marital estate, (2) valuation of a business, (3) distribution of personal property, (4) payment of college expenses, and (5) application of Supreme Court Rule 41 to the payment of college expenses. We affirm in part, reverse in part, and remand.

Mildred and Norman Kirsch were married for approximately thirty years. They have three children. The youngest son is attending college. Mr. Kirsch is a pharmacist. In 1980, he opened a pharmacy in Honea Path. He owns fifty-one percent of the stock and Mrs. Kirsch owns forty-nine percent. Mrs. Kirsch is a school teacher. She taught while her husband went to pharmacy school. Sometime after the children were born she returned to teaching. Both parties agreed Norman Kirsch provided the majority of the income for the family. Mrs. Kirsch used her income to purchase clothes and "frivolous things" for the family. Over the years they were able to acquire substantial assets valued at over $500,000. Among these assets were the pharmacy, the marital residence, lake house, savings accounts, and stocks.

The family court valued the stock of the pharmacy at $101,000. The pharmacy was awarded to Mr. Kirsch along with the lake house and other marital property valued at a total of $259,811. Mrs. Kirsch was awarded the marital residence and other marital property valued at $253,945. Mr. Kirsch was ordered to pay tuition, room, board, books, and fifty dollars per month for incidental costs and fees for the son's college education. Mrs. Kirsch was awarded six hundred dollars per month alimony which is not in issue.

I.

Mr. Kirsch argues the family court erred in making a fifty-fifty apportionment of the marital property. He asserts a sixty-forty apportionment is more appropriate. We note there was a computation error in the family court order. The marital property awarded to Mr. Kirsch actually totals $276,811. With this correction, the division of the marital property is approximately fifty-two percent to Mr. Kirsch and forty-eight percent to Mrs. Kirsch.

We have reviewed the record and agree with the family court's apportionment of the marital property. This was a marriage of thirty years. While Mr. Kirsch provided the bulk of the income, Mrs. Kirsch was a homemaker and she also worked for approximately twelve years outside the home. Her income assisted in meeting the family's needs. The family court considered the relevant statutory factors in its determination. On review of an equitable apportionment award this Court looks to the fairness of the overall apportionment. *Johnson v. Johnson*, 296 S. C. 289, 372 S. E. (2d) 107 (Ct. App. 1988). We find the apportionment to be fair and affirm it.

Mr. Kirsch challenges the court's valuation of the pharmacy. The pharmacy was opened in 1980. It is incorporated. Testimony and records indicate Mr. Kirsch owns fifty-one percent of the stock and Mrs. Kirsch owns forty-nine percent. Mrs. Kirsch testified her opinion of the value of the stock was $300,000. The tax returns for the company were introduced into evidence. Mrs. Kirsch introduced evidence of a second set of books of the pharmacy to challenge the evidence of the value of the inventory and the salary of Mr. Kirsch as reflected on the returns. Mr. Kirsch testified he valued the pharmacy at $100,000 of which thirty-five percent was goodwill. The building cost $15,000 with a mortgage of approximately $11,000. He testified there was approximately $52,000 of inventory, accounts receivable of $2,000, and accounts payable of $15,000. The pharmacy employs three clerks and another pharmacist. Mr. Kirsch testified his salary was approximately $20,000 per year although his son testified his father told him he made between $60,000 and $80,000 per year. The family court valued the "stock in Norman's Pharmacy" at $101,000 indicating the value was arrived at considering "the building has a debt of $11,324 and the business has accounts receivable in the amount of $15,000. The asset is valued without any goodwill."

We fail to find evidence in the record to support the valuation of the business by the court. In valuing a business interest for equitable distribution the court should determine the fair market value of the corporate property as an established and going business. *Reid v. Reid*,

280 S. C. 367, 312 S. E. (2d) 724 (Ct. App. 1984). This is to be accomplished by "considering the business' net asset value, the fair market value for its stock, and earnings or investment value (citations omitted)." *Id.* at 373, 312 S. E. (2d) at 727; *Tucker v. Tucker*, 282 S. C. 261, 317 S. E. (2d) 764 (Ct. App. 1984). We reverse and remand this issue of the valuation of the pharmacy to the family court for reconsideration. The parties are to provide sufficient evidence to the family court to allow it to properly consider the relevant factors.

Mr. Kirsch also argues the family court failed to specifically distribute certain items of personal property. The family court awarded all furniture located in the lake house to Mr. Kirsch and all furniture in the marital residence to Mrs. Kirsch. The order does not dispose of specific items enumerated on a three page list contained in the record. The testimony indicates the parties did not completely agree to the division of the items although there was apparent agreement that any inherited property should be returned to Mr. Kirsch, except a ring which Mrs. Kirsch claims was promised to their son.

Mr. Kirsch failed to file a motion under S. C. R. Civ. P. 59(e) in the family court to draw the court's attention to its failure to rule upon this issue. Had he done so the family court would have had an opportunity to correct this omission. We would ordinarily hold the issue is not properly preserved because of the failure to file the motion to obtain the court's ruling. *Talley v. South Carolina Higher Education Tuition Grants Committee*, 289 S. C. 483, 347 S. E. (2d) 99 (1986); *Palm v. General Painting Co., Inc.*, 296 S. C. 41, 370 S. E. (2d) 463 (Ct. App. 1988); *see Hudson v. Hudson*, 290 S. C. 215, 349 S. E. (2d) 341 (1986). However, because we are remanding the issue of the valuation of the pharmacy we are also remanding this issue for disposition in the interest of concluding this matter.

## II.

A second major issue in this appeal is the payment of college expenses. At the time of the hearing the parties' third child was attending college. The family court ordered Mr. Kirsch to pay tuition, room, board, books, and fifty dollars per month to cover incidental costs and fees. The

court found the son had demonstrated ample aptitude as reflected in his grades. The court also found Mr. Kirsch had the financial ability to pay for college and the son could not continue his education without his father's help. Mr. Kirsch argues the court erred because the record does not disclose the son made any effort to secure alternate financing. He also argues the court's order leaves him without sufficient funds to meet his own expenses and the court did not require Mrs. Kirsch to contribute to the college expenses.

Mr. Kirsch provided a college education for the two older children. He also provided a college education for his son up to the time of the hearing. The son was a witness for his mother and apparently played a role in obtaining documents from the pharmacy which were introduced to controvert the tax information.

The South Carolina Supreme Court addressed the issue of the obligation of a divorced parent to help pay for a college education for a child over eighteen in *Risinger v. Risinger.* The court listed four non-exclusive factors for the family court to consider in making an award for college expenses. These factors are (1) the characteristics of the child indicate he will benefit from college, (2) the child demonstrates the ability to do well or at least make satisfactory grades, (3) the child cannot otherwise go to school, and (4) the parent has the financial ability to help pay for the education. *Risinger v. Risinger,* 273 S. C. 36, 253 S. E. (2d) 652 (1979). In considering the factor of whether the child cannot otherwise go to school without the financial assistance of the parent, this court has indicated consideration should be given to the availability of grants and loans and the ability of the child to earn income during the school year or on vacation. These matters are relevant because an emancipated child has a duty to help minimize college expenses when a parent's financial support for these expenses is sought. *Hughes v. Hughes,* 280 S. C. 388, 313 S. E. (2d) 32 (Ct. App. 1984); *Wagner v. Wagner,* 285 S. C. 430, 329 S. E. (2d) 788 (Ct. App. 1985); *Nicholson v. Lewis,* 295 S. C. 434, 369 S. E. (2d) 649 (Ct. App. 1988).

We fail to find evidence in the record to support the conclusion the son cannot attend college without the financial assistance of Mr. Kirsch. The family court

made no findings on the availability of grants and loans or the ability of the son to earn income. We, therefore, remand this issue to the family court for a consideration of these factors.

After the family court filed its written order on January 4, 1988, Mr. Kirsch appealed the order. He refused to pay the spring semester college expenses for the son. Mrs. Kirsch paid the expenses and filed a petition in family court asking the court to hold Mr. Kirsch in contempt and to require him to reimburse her. Mr. Kirsch argued the appeal automatically stayed the order. Alternatively, he sought a stay from the family court. By order dated May 11, 1988, the family court held expenses for a college education are support and maintenance and are not automatically stayed under Supreme Court Rule 41. The court also denied the request for a stay under Rule 41(B). The record does not disclose a ruling on the contempt petition or the request for reimbursement. The Supreme Court denied a petition for supersedeas on June 9, 1988.

We agree with the family court that the appeal from its order did not automatically stay the provision for payment of college expenses. Supreme Court Rule 41 generally provides for a stay or supersedeas of a judgment or decree unless the judgment or decree falls within one of the exceptions contained in Rule 41(B). An exception for "Family Court Orders as provided in Section 14-21-40 (1976)" is contained in Rule 41(B)(7). Section 14-21-40 was repealed in 1981 and recodified in Section 20-7-2220, Code of Laws of South Carolina, 1976, as amended. Section 20-7-2220 provides "the pendency of an appeal or application therefor shall not suspend . . . payments for support and maintenance of the wife and child." The question is whether payment of college expenses is support and maintenance of the child. We believe it is. The award of college expenses is made pursuant to the authority of the family court to order support for a child. *See* Section 20-7-420(17), Code of Laws of South Carolina, 1976, as amended. The South Carolina Supreme Court has affirmed the general proposition that in a proper case a divorced parent may be required to support an emancipated child by providing assistance in the procurement of a college education. *Risinger*, 273 S. C. 36, 253 S. E. (2d) 652. As a form

of support for a child, college expenses are not automatically stayed under Supreme Court Rule 41.

In conclusion, we affirm the family court's apportionment of the marital property. We reverse and remand the issues of the valuation of the pharmacy, payment of college expenses, and disposition of the specific items of personal property.

Affirmed in part, reversed in part, and remanded.

GARDNER and GOOLSBY, JJ., concur.