1873

Charles Patrick KELLY, Respondent v.
Diane W. KELLY, Appellant.
(423 S.E. (2d) 153)

Court of Appeals

---

*Kenneth C. Porter* and *Robert M. Rosenfeld,* Greenville, *for appellant.*

*Timothy L. Brown,* Greenville, *for respondent.*

Heard Sept. 8, 1992.

Decided Oct. 5, 1992.

GOOLSBY, Judge:

Diane W. Kelly appeals a family court order directing her to contribute toward the college expenses of one of her children and to convey her half of the marital home to her ex-husband, Charles Patrick Kelly, in exchange for $5,000. She also appeals the family court's denial of attorney fees. We reverse and remand.

1. Based on our view of the preponderance of the evidence [*Brooks v. Brooks*, 289 S.C. 345 S.E. (2d) 510 (Ct. App. 1986)], we find the family court erred in requiring Mrs. Kelly to contribute toward the college expenses of the parties' emancipated son Andrew.

We are not convinced Mrs. Kelly has the financial ability to help pay for Andrew's college education. When the family court heard this matter, Mrs. Kelly, according to her testimony, was unemployed and under a doctor's care. *See* 59 Am. Jur. (2d) *Parent and Child* § 47, at 192-93 (1987) ("A decree requiring a parent to pay for a college education for his child

will not be entered where this will impose an undue hardship on the parent. . . .").

More importantly, we are not persuaded Andrew cannot go to college without his mother's help. In fact, he was attending college, living in his father's home, and working part-time at the time of trial. He also had a car.

Of particular importance to us here is the fact that Andrew made no attempt whatever to apply for educational loans. *See McDuffie v. McDuffie*, __ S.C. __, 418 S.E. (2d) 331 (Ct. App. 1992) (a child who obtained a tuition-only scholarship and worked in the summers did not fulfill her duty to minimize college expenses where there was no evidence that she attempted to either borrow or earn money during the school year); *Kirsch v. Kirsch*, 299 S.C. 201, 383 S.E. (2d) 254 (Ct. App. 1989) (case remanded in part because family court failed to make a finding on the availability of grants and loans or the ability of the child to earn income); *cf. Risinger v. Risinger*, 273 S.C. 36, 253 S.E. (2d) 652 (1979) (a daughter minimized expenses by working and borrowing money); *Nicholson v. Lewis*, 295 S.C. 434, 369 S.E. (2d) 649 (Ct. App. 1988) (a daughter minimized expenses by obtaining a grant and loan, working full-time during the summer and seeking part-time work during the school year); *Hughes v. Hughes*, 280 S.C. 388, 313 S.E. (2d) 32 (Ct. App. 1984) (wherein the court required the father to help with college expenses where the daughter obtained loans and a scholarship and worked part-time during her senior year of high school).

We find no merit in Mr. Kelly's assertion that Mrs. Kelly agreed to help with Andrew's college expenses. He points to Mrs. Kelly's pretrial deposition in which she said she would be willing to give Andrew support for college expenses provided he continued to go to school.

Although it is true that a parent can obligate himself or herself beyond the support requirements imposed by law [*Ratchford v. Ratchford*, 295 S.C. 297, 368 S.E. (2d) 214 (Ct. App. 1988)], a parent's stated willingness to assist a child with college expenses cannot be twisted into a binding agreement to pay those expenses.

2. We agree with Mrs. Kelly's contention that the family court erred in requiring the parties to dispose of marital property in a manner inconsistent with the

terms and provisions of the divorce decree.

The family court in the present action did not have subject matter jurisdiction to modify the division of the marital property because the question of how to apportion the marital property had been settled in the original divorce decree, an order neither party appealed. *See* S.C. Code Ann. § 20-7-472 (Supp. 1991) ("The court's order as it affects distribution of marital property shall be a final order not subject to modification except by appeal or remand following proper appeal."); *Thompson v. Ballentine,* 298 S.C. 289, 379 S.E. (2d) 896 (1989) (citing the statute); 24 Am. Jur. (2d) *Divorce and Separation* § 958, at 945-46 (1983) ("If, in settlement of property rights, a decree provides for a lump sum, or payments in installments, or a transfer of property, it is generally held that the award is final and is not subject to modification as the circumstances of the parties change. . . ."); 27C C.J.S. *Divorce* § 594, at 123 (1986) ("In a divorce . . . action . . ., generally a judgment providing for . . . an adjustment of property rights as between the parties to divorce proceeding, unlike a judgment for alimony, cannot be modified . . . after it becomes final, in the absence of fraud, coercion, or other grounds on which ordinary judgments may be . . . modified . . . or set aside.").

We therefore reverse the family court's order concerning equitable division of the marital property and direct the parties to proceed under the original divorce decree.

3. We find mo merit to Mr. Kelly's argument, advanced as an "additional sustaining ground," that the family court erred in not awarding him retroactive child support. Assuming the issue is properly asserted in this manner, we are not convinced that its acceptance would lead to the same result that the family court reached. *See Colonial Life & Accident Ins. Co. v. South Carolina Tax Comm'n,* 233 S.C. 129, 140-41, 103 S.E. (2d) 908, 913-14 (1958) ("[A]n 'additional ground' for affirmance must relate to a matter that was presented before the trial court for its ruling . . .; and it must be such that its acceptance would lead to the same result that the trial court reached. . . .").

Moreover, the question of retroactive child support was addressed to the sound discretion of the family court. *Hallums v. Hallums,* 296 S.C. 195, 371 S.E. (2d) 525 (1988). It did not abuse that discretion here. Mr. Kelly made child support pay-

ments to Mrs. Kelly pursuant to a 1984 order modifying child support during times when she did not have physical custody of either of the parties' two children. During those times, he did not seek to have the court either terminate or modify his child support obligation under the 1984 order, a factor that weighed heavily in the decision of the family court judge not to award Mr. Kelly retroactive child support. *Cf. Hallums*, 296 S.C. at 198, 371 S.E. (2d) at 527 (holding it would be inequitable to award a mother retroactive child support where she failed to enforce a child support order during the child's minority, the child was then 24 years old, and the mother sought sixteen years of retroactive support). He cannot complain now.

4. We remand the issue of attorney fees and costs, intrinsically related as the issue is to the beneficial results achieved by Mr. Kelly at trial. These results have been lost by Mr. Kelly due to Mrs. Kelly's successful efforts on appeal. *See Ariail v. Ariail*, 295 S.C. 486, 369 S.E. (2d) 146 (Ct. App. 1988) (one factor the family court may consider in determining whether to award attorney fees is the result of the litigation).

Reversed and remanded.

GARDNER, J., and LITTLEJOHN, Acting J., concur.