1902

Henry W. WINT, Appellant v. Allie Dianne H. WINT, Respondent.

(425 S.E. (2d) 48)

Court of Appeals

*Cheryl Turner Hopkins,* Florence, *for appellant.*

*Sidney S. Tison, Jr.,* Hartsville, *for respondent.*

Heard Sept. 14, 1992.

Decided Nov. 30, 1992.

SHAW, Judge:

Appellant-husband, Henry W. Wint, appeals a family court order requiring him to pay retroactive child support to respondent-wife, Allie Dianne H. Wint. We affirm.

The only issue before us on appeal is whether the family court judge erred in ordering the husband to pay the wife $3,600 as retroactive child support.[1]

---

[1] The wife stated, as an additional issue on appeal, that the family court erred in awarding custody of the younger child to the husband. The husband moved to strike the wife's proposed exception raising this issue and the Supreme Court granted this motion by order dated March 21, 1991. This issue, therefore, is not before this court. See *Balloon Plantation v. Head Balloons,* 303 S.C. 152, 399 S.E. (2d) 439 (Ct. App. 1990) (the Court of Appeals is without authority to rule on an issue once the Supreme Court has done so).

The record reveals the following. The parties married on September 26, 1981 and separated in the early part of 1988. They have two children who were 12 and 4 at the time of the hearing. On March 30, 1988 the parties executed a written separation agreement which provided in part:

> relief at this time, and the issue as to whether any arrearages should be paid, as well as all other issues, is held open to be determined at the merits hearing.

Following a hearing on May 8, 1990, the trial judge issued his order dated June 16, 1990 in which he found the agreement was not fair and equitable. He therefore refused to adopt the agreement. He further awarded custody of the younger child to the husband and custody of the older child to the wife and ordered the husband to pay the wife $40.00 per week in child support. Finally, he stated as follows:

> Even though the Court does not approve nor incorporate the agreement of the parties as is set forth above, [husband] was under an obligation to pay child support while the children were, by agreement of the parties, with the [wife]. [Husband] shall pay as retroactive child support the sum of $3,600.00. This shall be paid within forty-five (45) days from the date of this Order. The parties operated pursuant to the terms of the agreement as to custody for an extended period of time and [husband] is estopped to deny his obligation to support his children.

The husband contends the trial judge erred in ordering the husband to pay $3,600 in retroactive child support. He contends it was an abuse of discretion to enforce a portion of the separation agreement where the agreement had been specifically rejected. He further argues the trial judge's order is in violation of Rule 26, SCRFC and the order as to retroactive support should therefore be reversed. We disagree.

It should be noted that while the husband testified he made support payments to the wife and continued to make them "up through when she lived with [a boyfriend]," he offered no figure as to the total amount paid. Further, the wife testified that she kept a record of payments that the husband made to her for child support. This record was introduced into evi-

dence but was not included in the appellate record. The wife stated that under the agreement, the husband owed $4,873 in child support.

The law is clear that both parents have an obligation to support their children. *Sauls v. Sauls*, 287 S.C. 297, 337 S.E. (2d) 893 (Ct. App. 1985). The fact that the trial judge did not adopt the separation agreement does not discharge the husband's obligation to support the children. Further, the family court has the power to award retroactive child support, although the entitlement depends upon the facts and circumstances of each case. *Sutton v. Sutton*, 291 S.C. 401, 353 S.E. (2d) 884 (Ct. App. 1987). Because the husband failed to include the record of payments in the record, it is impossible to determine how much support the husband actually paid and, consequently, we are unable to discern any prejudice to the husband. See *Windham v. Honeycutt*, 290 S.C. 60, 348 S.E. (2d) 185 (Ct. App. 1986) (the burden is on the appellant to furnish a sufficient record on appeal from which this court can make an intelligent review). While the wife sought $4,873 in retroactive child support, the court awarded only $3,600. Based on the record before us, we are unable to discern any abuse of discretion in the $3,600 award.

Affirmed.

BELL and GOOLSBY, JJ., concur.