THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR. 
 THE STATE OF SOUTH CAROLINA
 In The Court of Appeals
 
 
 
 
 Vernon Lee McCullough, Respondent,
 
 
 
 
 v.
 
 
 
 
 Tressy Chick McCullough, Appellant.
 
 
 
 
 
 Appeal From Richland County
  Marion D. Myers, Family Court Judge
 
 Unpublished Opinion No. 2005-UP-367
 Submitted May 1, 2005  Filed June 6, 2005
 
 REVERSED AND REMANDED
 
 
 
 
 
 William T. Toal, of Columbia, for Appellant.
 Vernon Lee McCullough, of Columbia, for Respondent.
 
 
 
 
 PER CURIAM: Tressy Chick McCullough (Mother) appeals the family courts order denying her request for Vernon Lee McCullough (Father) to pay retroactive child support.  We reverse and remand.[1]
 FACTS
 Father and Mother married on August 9, 1993, and had one child together in July 1998.  Mother and Father separated in January 1998. 
 On October 24, 2002, Father, who was incarcerated, filed for divorce on the statutory ground of living separate and apart for one year.  He also requested the trial court reserve the right to award child support until after he was released from prison.  In her answer and counterclaim, Mother admitted separation without cohabitation for more than one year and requested a divorce, child support, back child support, custody, and a bar to alimony.  
 During the trial, Mother presented a financial declaration that she subsequently modified on the record.  She testified that she earned approximately $1,450 per month, a forty percent decrease from the $2,416 gross monthly income stated on her financial declaration.  She explained her income was reduced when she was placed on short-term disability for injuries sustained in an automobile accident.  Fathers financial declaration showed his average monthly salary to be $1,982.  However, Father testified at trial that he had average[d] about  about [$]4,000 a month since April 2003.  Father also admitted that he had not paid any child support in the past.    
 In its order dated January 7, 2004, the family court:  (1) granted the parties a divorce based on the ground of living separate and apart for a period of one year; (2) awarded Mother custody of the parties minor child; (3) ordered Father to pay child support in the amount of $575 per month; (4) ordered Father to pay retroactive child support dating from April 15, 2003, in the amount of $4,000; (5) equitably divided the marital estate; (6) denied alimony to either party; and (7) permitted Mother to resume her maiden name. 
 Subsequently, Father filed a motion for reconsideration in which he claimed the family court erred:  (1) in determining child support because he was not released from prison until May 2003; (2) assessing the number of dependents claimed by Mother; and (3) calculating Fathers gross monthly income.  Following a hearing on the motion, the court affirmed its order with the exception of the award of retroactive child support.  Without explanation, the court ordered retroactive child support to be stricken from the original order.  Mother appeals the family courts decision with respect to retroactive child support.
 STANDARD OF REVIEW
 On appeal from an order of the family court, this court has jurisdiction to find facts in accordance with its own view of the preponderance of the evidence.  Hopkins v. Hopkins, 343 S.C. 301, 304, 540 S.E.2d 454, 456 (2000).  However, this does not mean that this court should disregard the findings of the family court judge, who saw and heard the witnesses.  Hooper v. Rockwell, 334 S.C. 281, 297, 513 S.E.2d 358, 367 (1999).
 DISCUSSION
 Mother claims the trial court erred in striking the award of retroactive child support.[2]  We agree.  
 We preface our discussion of this issue by noting that Father failed to file a brief.  Based on this fact alone, we would be justified in reversing the family courts order.  See Rule 208(a)(4), SCACR (Upon the failure of respondent to timely file a brief, the appellate court may take such action as it deems proper.); Wierszewski v. Tokarick, 308 S.C. 441, 444 n.2, 418 S.E.2d 557, 559 n.2 (Ct. App. 1992) (holding that where respondent failed to file a brief appellate court deemed it proper to reverse on the points presented rather than to search the record for reasons to affirm); see also Smith v. South Carolina Dept of Soc. Servs., 284 S.C. 469, 471, 327 S.E.2d 348, 349 (1985)(holding, under prior appellate court rules, the supreme court would not grope in the dark in order to identify errors).  Despite Fathers failure to adhere to the appellate court rules, we deem it proper to address the merits of Mothers appeal.
 Both parents have an obligation to support their children.  Wint v. Wint, 310 S.C. 48, 50, 425 S.E.2d 48, 49 (Ct. App. 1992).  The entitlement to retroactive child support depends upon the facts and circumstances of each case.  Sutton v. Sutton, 291 S.C. 401, 408, 353 S.E.2d 884, 888 (Ct. App. 1987).  The issue of retroactive support is to be resolved in accordance with the evidence presented.  Major v. Major, 277 S.C. 318, 321, 286 S.E.2d 666, 668 (1982).  
 The decision to award retroactive child support rests in the sound discretion of the family court.  Kelly v. Kelly, 310 S.C. 299, 302, 423 S.E.2d 153, 155 (Ct. App. 1992); see Hallums v. Hallums, 296 S.C. 195, 197, 371 S.E.2d 525, 527 (1988) (stating [t]he question of the award of child support is largely within the discretion of the trial judge whose decision will not be disturbed on appeal unless an abuse of discretion is shown).  An abuse of discretion occurs when the court is controlled by some error of law or where the order, based upon the findings of fact, is without evidentiary support.  Kelley v. Kelley, 324 S.C. 481, 485, 477 S.E.2d 727, 729 (Ct. App. 1996).
 Section 20-7-852(A) of the South Carolina Code establishes a presumption that the amount of the award which would result from the application of the guidelines . . . is the correct amount of child support to be awarded.  S.C. Code Ann. § 20-7-852(A) (Supp. 2004).  However, [a] different amount may be awarded upon a showing that application of the guidelines in a particular case would be unjust or inappropriate.  Id.
 Under the specific facts of this case, we find the family court erred in eliminating Fathers obligation to pay Mother retroactive child support.  Initially, we note the court failed to give an explanation for striking Mothers award of retroactive alimony.  In view of the absence of factual findings, we can discern no reason for this complete reversal of the award.  Although Father moved for the court to reconsider the amount of the retroactive child support and the amount of the monthly child support, he never challenged Mothers entitlement to an award of retroactive child support.  In fact, Mothers counsel, not Father, drew the courts attention to Fathers issue regarding the amount of the award of retroactive child support.  Furthermore, at the initial hearing Mother specifically requested retroactive child support.  Father also testified that he began working in April 2003 and had not paid any child support.
 Because there is no evidence to support the family courts decision to strike the award of retroactive child support, we find the ruling constituted an abuse of discretion.  Accordingly, we remand for the court to reconsider this issue and provide specific findings of fact.  On remand, if retroactive child support is warranted, the court should recalculate the amount based on Fathers actual monthly income and payment for health insurance, Mothers monthly income, and the correct number of dependents in accordance with the child support guidelines.[3]  
 Accordingly, the family courts order is
 REVERSED AND REMANDED.
 HEARN, C.J., BEATTY and SHORT, JJ., concur.

 [1]  Because oral argument would not aid the court in resolving the issues on appeal, we decide this case without oral argument pursuant to Rule 215, SCACR.

 [2]   Because both issues raised by Mother concern the award of retroactive child support, we have consolidated them in the interest of brevity and clarity.

 [3]  Based on our review of the record, it appears the $4,000 award of retroactive child support was calculated using an amount of monthly child support that significantly deviated from the child support guidelines.  Specifically, the parties only mutual child should have been considered for the award of support.  Additionally, the record indicates that Fathers monthly salary is substantially less than the $4,000 amount apparently relied upon by the family court.  In light of these discrepancies, the family court may wish to reconsider the amount of monthly child support as well as the amount of retroactive child support.  If the court determines that the support award should deviate from the guidelines, it should make specific findings of fact outlining the basis for the award.  See Engle v. Engle, 343 S.C. 444, 452, 539 S.E.2d 712, 716 (Ct. App. 2000) (Deviation from the Guidelines should be the exception rather than the rule.  When the court orders a child support award that varies significantly from the amount resulting from the application of the Guidelines, the court shall make specific, written findings of those facts upon which it bases its conclusion supporting the award.) (citations omitted).