Kevin D. MILLER, Appellant–Respondent,

v.

Angela C. MILLER, Appellee–Petitioner.

No. 49A04–0209–CV–453.

Court of Appeals of Indiana.

June 17, 2003.

134

Kevin D. Miller, Appellant Pro Se.

Cynthia Reinert, Indianapolis, IN, Attorney for Appellee.

**OPINION**

BAKER, Judge.

Appellant-respondent Kevin D. Miller appeals the trial court's ruling in favor of his former wife, appellee-petitioner Angela C. Miller, regarding an order for child support arrearage that was owed for their minor son. Specifically, Kevin contends that Angela's claim for back support was barred by the doctrine of laches because she unreasonably delayed in enforcing the support order and the delay unfairly prejudiced him. Concluding that Kevin has failed to demonstrate sufficient prejudice when applying the doctrine of laches in accordance with South Carolina law, we affirm the trial court's judgment.

*FACTS*

Kevin and Angela were married in 1982 in South Carolina while Kevin was serving on active military duty in the United States Navy. Thereafter, their son was born in June of 1984, and they moved to Indianapolis. The three of them subsequently moved to Norfolk, Virginia, because Kevin had been assigned to military duty there. In November 1987, Kevin and Angela separated.

Angela moved to Moncks Corner, South Carolina, taking the parties' son with her. Kevin then began paying $318 in monthly support, without any court intervention. In 1989, Angela petitioned to dissolve the marriage and it became final on March 21 of that year in South Carolina. Recognizing that Kevin had voluntarily been paying child support directly to Angela, the dissolution court ordered that he continue to make payments in the same amount.

Kevin continued paying child support each month until September 1992, because he was unable to ascertain Angela's whereabouts. The support payments had been made from Kevin's military allotment until he was discharged from the service in August 1992. According to Kevin, none of Angela's family members would reveal her location to him. Kevin then remarried in 1997 and two daughters were born to that marriage. Thereafter, Kevin and his family relocated to Washington, D.C., in May 1999, where he attended law school.

In January 2000, Angela sought to enforce the South Carolina support order with respect to their son. She contacted a private child support collection agency, Child Support Enforcement, Inc. (CSE), in an effort to collect the support that was owed. Kevin eventually received a demand letter from CSE along with a computation of support arrearage allegedly owed to Angela, representing a three-and-one-half-year period in which Kevin had not paid support. CSE advised Kevin that he owed child support dating back to the April 1989 dissolution. During 2000, Kev-

in paid Angela three separate child support payments in the form of money orders, totaling $1590, when he learned that Angela had moved to North Carolina.

On June 19, 2000, Kevin filed a defamation action against Angela in the U.S. District Court of North Carolina, alleging that Angela had submitted a false publication to CSE regarding the dates and amount of alleged support arrearage that was owed. Thereafter, both parties stipulated to a voluntary dismissal of the case and Kevin received a settlement in the amount of $10,000 from CSE. The trial court ultimately dismissed the action with prejudice.

On October 25, 2001, Angela filed a petition to register the South Carolina support and dissolution decree in Marion County. Angela alleged that Kevin owed back support in the amount of $34,504 plus $30,577.91 in accrued interest, thus making a total of $65,081.91 due and owing. After the order was approved, Angela filed a verified motion for sanctions for the nonpayment of child support and contempt. A hearing was conducted on June 3, 2001, and the trial court ultimately entered an order finding Kevin in contempt for the willful non-payment of child support and determined that he was in arrears in the amount of $34,491.90. The trial court rejected Kevin's claim of laches that Angela had unreasonably delayed in enforcing the support order and that he had been prejudiced by that delay. Kevin now appeals.

## DISCUSSION AND DECISION

■ In addressing Kevin's argument, we note as an initial matter that Indiana

Code section 31–18–6–4(a) of the Interstate Family Support Act (IFSA) provides in relevant part that "[t]he law of the issuing state governs the nature, extent, amount and duration of current payments and other obligations of support and payment of arrearages under the order." In light of this statute, South Carolina law applies here, inasmuch as that state had issued the underlying support order.

■ We note that while the doctrine of laches does not apply to cases involving the enforcement of support orders in Indiana, *see Knaus v. York*, 586 N.E.2d 909, 914 (Ind.Ct.App.1992), South Carolina law provides that an alleged arrearage may be defended under this equitable doctrine. *See S.C. Dep't. of Soc. Serv. v. Holden*, 319 S.C. 72, 459 S.E.2d 846, 848 (1995). The supreme court of South Carolina has defined laches as:

Neglect of an unreasonable and unexplained length of time, under circumstances affording opportunity for diligence, to do what in law should have been done. Whether a claim is barred by laches is to be determined in light of the facts of each case, taking into consideration whether the delay has worked injury, prejudice, or disadvantage to the other party; delay alone in assertion of a right does not constitute laches. In sum, [an obligor parent] must establish the following elements to prove laches: (1) delay, (2) unreasonable delay, (3) prejudice.

*Hallums v. Hallums*, 296 S.C. 195, 371 S.E.2d 525, 527–28 (1988).[1] Moreover, the determination of whether laches has been

---

1. We note that in the event that Indiana law applied here, the burden of proof upon the claimant is similar. Specifically, the following three elements must be established: 1) inexcusable delay in asserting a known right; 2) an implied waiver arising from knowing acquiescence in existing conditions; and 3) a change in circumstances causing prejudice to the adverse party. *Ebersol v. Mishler*, 775 N.E.2d 373, 378 (Ind.Ct.App.2002). Moreover, a mere lapse in time is insufficient; unreasonable delay that causes prejudice or injury is necessary. *Id.*

established is largely within the trial court's discretion. *Brown v. Butler*, 347 S.C. 259, 554 S.E.2d 431, 434 (App.2001).

In this case, although Kevin maintains that he was injured because he was unable to modify his child support obligation, he did not offer any evidence of an attempt to do so. Additionally, he did not inform the trial court as to how he had become aware that Angela no longer resided in South Carolina and, even more, compelling, Kevin did not explain why he paid such a meager amount toward his child support obligation since February 2000 once he found out where Angela was residing. The record also does not disclose any effort on Kevin's part, with the exception of questioning Angela's relatives about her whereabouts, to re-establish a relationship with his child. Thus, under these circumstances, even if it could be inferred that Angela delayed unreasonably in pursuing the arrearage, Kevin failed to show how he was prejudiced by that delay. As a result, we decline to disturb the trial court's ruling with respect to Kevin's nonpayment of support.

Judgment affirmed.

DARDEN, J., concurs.

SULLIVAN, J., concurs in result, with opinion.

SULLIVAN, Judge, concurring in result.

We are not here concerned with whether or not the South Carolina dissolution decree and support order is entitled to full faith and credit. The validity of that support order is not in issue. The only issue before us is whether the custodial parent may be barred by the doctrine of laches from collection of a support arrearage which has accrued over a period of time under a South Carolina decree.

Instead of a full faith and credit question, we merely have an issue as to whether we must look to South Carolina common law, i.e. the doctrine of laches, when application of that law in Indiana would violate the public policy of this state. I conclude that we are not obligated to do so.

Here, the South Carolina support order was registered in Marion County, and in her petition Angela alleged an arrearage of $34,504 plus interest which she sought to enforce and collect. The trial court in Marion County was not authorized to modify the South Carolina support decree but was authorized only to confirm the South Carolina decree as it existed when registered. *See Beach v. Beach*, 642 N.E.2d 269, 279 (Ind.Ct.App.1994). However, when confirmed, Indiana, as the state of registry, may effect a modification with respect to the manner of enforcement of the foreign support order as confirmed. *Id.*

Thus, in determining the manner in which the South Carolina support order is to be enforced, the Indiana trial court in this case might have accorded comity to the law of South Carolina and utilized the doctrine of laches to bar Angela's attempted collection of the arrearage or, as it did, could choose to not apply the doctrine of laches. However, it is unnecessary to reach the issue decided by the majority opinion, i.e., that Kevin failed to establish that Angela's laches resulted in prejudice to him.

Here the trial court rejected Kevin's laches argument as was its prerogative. The rationale for such rejection is firmly grounded upon the public policy of Indiana. That policy is enunciated in *Knaus v. York*, 586 N.E.2d 909, 914 (Ind. Ct.App.1992) which held, "[T]he doctrine of laches simply does not apply to child support cases. This court will not penalize

a child for his or her parent's delay in pursuing child support."

In this regard, the right of support is that of the child, not that of the custodial parent. The custodial parent merely acts as the trustee for the child for whose benefit the support order was entered and has no right to waive or otherwise interfere with the child's right to such support. *In re Marriage of Truax*, 522 N.E.2d 402, 407 (Ind.Ct.App.1988), *trans. denied.* This principle is one of long standing in Indiana. *Corbridge v. Corbridge*, 230 Ind. 201, 102 N.E.2d 764 (1952); *Ort v. Schage*, 580 N.E.2d 335 (Ind.Ct.App.1991); *Pickett v. Pickett*, 470 N.E.2d 751 (Ind.Ct.App. 1984).

If we were to bar Angela's claim on behalf of her minor son,[2] it would seem to be equivalent to permitting the custodial parent's action or non-action to deny the child's rightful claim for support from Kevin. To do so would contravene the public policy of this state.[3] Accordingly, the Indiana court was at liberty to reject the application of South Carolina's laches doctrine. *See Schaffert v. Jackson Nat'l Life Ins. Co.*, 687 N.E.2d 230 (Ind.Ct.App. 1997); *Maroon v. State Dep't of Mental Health*, 411 N.E.2d 404 (Ind.Ct.App.1980); 16 AM.JUR.2D *Conflict of Laws* § 24 (1988).

There is another, albeit related, basis for affirming the trial court's refusal to apply South Carolina's laches defense. In Indiana the doctrine of laches is held to be premised upon grounds of public policy. *State ex. rel. Peoples Nat'l Bank and Trust Co. of Washington v. Dubois Circuit Court*, 250 Ind. 38, 234 N.E.2d 859 (1968), *upon reh'g.* Thus the overriding public policy which inheres in a child's right to support must also inhere in a decision whether or not to apply the equitable defense of laches. The courts of this state have determined that the public policy considerations relative to child support trump any policy considerations favoring application of the laches doctrine.

The equitable doctrine of laches is not the equivalent or the mirror image of a statute of limitations. However, it is fair to say that the two concepts are first cousins and that various considerations overlap between the two limiting principles. *See* 27A AM.JUR.2D *Equity* §§ 148, 194 (1996). Accordingly, it would seem appropriate to hold that like a statute of limitations, application of the doctrine of laches is procedural rather than a matter of substantive law. *See Lee v. Estate of Cain*, 476 N.E.2d 922 (Ind.Ct.App.1985) (holding that because limitation statutes are procedural in nature, the law of the forum state is applicable). Aside from, but certainly consistent with public policy considerations, the law of Indiana concerning application of the doctrine of laches would control.

I would affirm upon grounds that the doctrine of laches is simply not applicable to the case before us.

---

**2.** The child was born in June 1984 and thus at the time Angela brought her suit to enforce the South Carolina support order in Indiana was sixteen years of age.

**3.** At least seventeen other jurisdictions, Alabama, California, Colorado, the District of Columbia, Florida, Illinois, Louisiana, Kansas, Kentucky, Minnesota, Missouri, Montana, New York, North Carolina, Virginia, Washington and Wisconsin also hold the doctrine of laches inapplicable to collection of past due child support. See cases collected in John C. Williams, J.D., Annotation, *Laches or Acquiescence as Defense, so as to Bar Recovery of Arrearages of Permanent Alimony or Child Support,* 5 A.L.R.4th 1015 (1981).