Mark WHITE, Appellant–Respondent,

v.

Carol WHITE, Appellee–Petitioner.

No. 45A03–0702–CV–71.

Court of Appeals of Indiana.

Dec. 28, 2007.

---

## OPINION

BAILEY, Judge.

### Case Summary

Appellant–Respondent Mark White ("Mark") appeals the denial of his Motion to Correct Error, which challenged the denial of his motion to set aside an income withholding order for child support receivable by Appellee–Petitioner Carol White ("Carol") and the State of Indiana. We reverse and remand.

### Issue

Mark presents five issues for review, which we consolidate and restate as a single issue: whether he is entitled to equitable relief from a child support withholding order when clerical error caused claimed deductions in excess of that legally allowable.

### Facts and Procedural History

On April 4, 1991, Carol petitioned for the dissolution of her marriage to Mark. At that time, Mark was employed as a City of Gary police officer and earned $400.00 weekly. Carol was employed as a corrections officer and earned $200.00 weekly. The parties had two children.

On April 12, 1991, the Lake Superior Court issued an order for the payment of interim child support by Mark. A pre-printed form captioned "Order Activating Income Withholding Order" was forwarded to the City Controller of the City of Gary to facilitate deductions from Mark's paychecks.[1] (App. 94.) The pre-printed form provided in relevant part: "The amount you are required to withhold represents the current weekly support obligation of $_____ per week." (App. 94.) It was completed by filling in the blank and crossing out the word "week" to read "The

Sheldon H. Cohan, Merrillville, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Frances H. Barrow, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

---

1. Indiana Code Section 31–16–15–1 requires that child support orders be enforced via an income withholding order.

amount you are required to withhold represents the current weekly support obligation of $300.00 per *pay*." (App. 94.) (emphasis added.)

The parties were divorced on April 29, 1994. The Dissolution Decree provided that Mark was obligated to pay child support, but did not recite an amount.[2] Contemporaneously, an "Order Activating Income Withholding Order Form" was executed. It bore either the stamp or the signature of Judge James Danikolas, Lake Superior Court. However, in this instance the pre-printed language "per week" was not stricken and the amount of $266.00 was inserted into the blank, so that the form as completed provided in relevant part: "The amount you are required to withhold represents the current weekly support obligation of $266.00 per week." (App. 96.)

The form was forwarded to the Gary Police Department. The paymaster applied the final order at the same interval as the interim order and withheld $266.00 per pay period instead of the former $300.00 per pay period. This amounted to approximately 33% of Mark's gross pay. Child support deductions were made in this manner for the duration of Mark's employment as a City of Gary employee.

On October 8, 2004, Mark petitioned to emancipate the parties' eldest child. On January 11, 2005, the trial court allowed the intervention of the Prosecutor of Lake County and ordered the county clerk to forward all child support payments to the Indiana Division of Family and Children. On January 13, 2005, the trial court conducted a hearing on the emancipation petition. At that hearing, a discussion ensued during which it became apparent that the State's position was that Mark had been ordered to pay $266.00 weekly and Mark's position was that he had been ordered to pay $266.00 per pay period. The trial court ordered the eldest child emancipated and entered an order for child support for the youngest child in the amount of $170.00 bi-weekly.

On June 20, 2005, Mark filed a "Petition to Determine Support Arrearage" requesting that the trial court "determine that no child support arrearage is due in this cause and for all other just and proper relief." (App. 64.) On May 4, 2006, Mark petitioned to modify child support and to emancipate the parties' youngest child.

On June 6, 2006, the trial court conducted a hearing on the pending petitions. At the conclusion of the hearing, the trial court ordered the youngest child emancipated and continued wage withholding pending determination of arrearage. On September 19, 2006, Mark filed a "Motion to Vacate Alleged Child Support Arrearage." (App. 69.)

On November 1, 2006, the trial court conducted a hearing. The recording equipment failed. Pursuant to Indiana Appellate Rule 31, the trial court certified a Verified Statement of Evidence providing in relevant part:

> Evidence was submitted by Mark White to indicate that he and Carol White were married December 5, 1984, had two (2) children, Mark, born September 20, 1985 and Brandon, born July 24, 1987. That Carol filed a Dissolution Petition on April 4, 1991 in this cause and after a Provisional Hearing, the Court entered a Support Order for $300.00 per pay which was every two (2) weeks since Mark was a Gary Police Officer and was paid on a bi-monthly basis.

---

2. Mark was also ordered to maintain health insurance on the minor children and to pay their school tuition and any uninsured medical, dental, optical and pharmaceutical expenses.

Mark testified that his wage at that time and at the time the Decree of Dissolution was entered, was $18,000.00 per year, which is equivalent to $346.00 per week,[3] Carol at that time was a corrections officer with wage[s] of $200.00 per week.

Respondent submitted Exhibit "A" which is a certified copy of the parties' Dissolution Decree dated April 29, 1994, said exhibit indicates Respondent was to pay child support, however, the amount is blank on said exhibit and no Order for Support appears on the certified copy of the Decree.

Respondent testified that there was no Child Support Guideline within the Court's record or submitted to the Court at the time of the alleged Support Order and there is no evidence or testimony of the existence of a Child Support Guideline submitted to the Court.

Respondent testified that he received no notice of the hearing which apparently took place on April 29, 1994 and was not present at said hearing and received no notice of the results of said hearing excepting that his wife called him and told him that there was a divorce granted and that he would be paying child support.

Respondent testified as did Petitioner, Ex-wife, that child support was withheld from Respondent's wages as a Gary Police Officer at the rate of $266.00 per pay bi-monthly following the dissolution. There was submitted by the State and by Respondent a copy of the Lake County Clerk's Child Support Record as an Exhibit.

That Petitioner, Wife, testified that she made no complaint to Respondent or to anyone else which might alert Respondent to the existence of an alleged Child Support Order of $266.00 each week. Respondent testified that a Withholding Order of $266.00 per week if taken from his check, would have amounted to more than half of his bi-monthly pay and would have alerted him immediately since he could not survive on such an Order, which would not leave him enough to exist. That Respondent's employer withheld $266.00 per pay for support to which he did not object.

Respondent testified that from the time of the granting of the Dissolution at the end of April, 1994 and until 2002 at which time Respondent lost his job and his freedom, he paid child support which was deducted from his wage at the rate of $266.00 each pay. In 2002 Respondent lost his job and was unable to pay child support for a period of two (2) years. When he became re-employed in 2004, Respondent applied to the Lake Superior Court in October, 2004 for an Order of Emancipation for his older child, Mark White, Jr. at which time he learned from the IV–D Prosecutor's Office that there was a claim of child support arrearage....

Respondent testified he never received an Order directing him to pay any child support and that based upon his employer's interpretation of the Wage Withholding Order withholding $266.00 per pay, he was caused to pay $63, 143.00 of child support as set forth in the Clerk's Child Support Docket.

(App. 89–92.)

On December 11, 2006, the trial court entered an order determining that Mark's child support arrearage, as of November 1, 2006, was $88,265.00 (with $10,181.00 owed to the State and $78,084.00 owed to Carol.) The arrearage was calculated based upon the premise that Mark owed $266.00 per

3. Mark contends that he testified to a slightly higher income of $400.00 per week.

week beginning April 29, 1994 until the amount was modified on January 13, 2005. In pertinent part, the trial court found that Mark was "estopped from raising the issue of child support ordered in 1994," the doctrine of laches barred his petition, and "[Mark] knew that the child support was being withheld and he did not file a Motion to Vacate Alleged Child Support Arrearage until September 19, 2006." (App. 17.)

On January 9, 2007, Mark filed a "Motion to Correct Errors and T.R. 60(B) Motion for Relief from Judgment and Order." (App. 19.) The trial court denied the motion to correct error and this appeal ensued.

## Discussion and Decision

Mark contends that he is entitled to relief from an income withholding order that would have, by its literal terms, required the tender of approximately 66% of his gross income,[4] and further argues that laches should not bar his claim for relief. Carol concedes that the trial court erred by finding that the equitable doctrine of laches[5] barred Mark's claim, but argues that Mark has nevertheless sought an improper retroactive modification of child support.

■ We agree with Carol that in most circumstances, a child support order may not be retroactively modified. After child support installments have accrued, the trial court lacks power to reduce, annul or vacate such orders retrospectively; accordingly, a petition to modify operates prospectively. *Whited v. Whited,* 859 N.E.2d 657, 660 (Ind.2007). Retroactive

modification is permitted only in very narrow circumstances where (1) the parties have agreed to and carried out an alternative method of payment in substantial compliance with the decree or (2) the obligated parent assumes custody. *Id.* at 662. However, Mark is not challenging the amount of child support ordered in the dissolution decree nor does he claim entitlement to a retroactive modification of child support because of circumstances that arose after the dissolution. Indeed, the dissolution decree does not include an order for a specific amount of child support.

■ Rather, Mark's petitions have essentially presented the argument that he is entitled to equitable relief because of a clerical error that caused an unconscionable and illegal collateral withholding order. At issue is an income withholding order whose purpose is to enforce a child support order issued in dissolution proceedings, yet the dissolution decree was silent as to the amount of child support to be enforced. Thus, the possibility of clerical error in the withholding order may not be summarily foreclosed by reference to the dissolution decree.

It appears that the use of the pre-printed income withholding order incorporating the term "weekly" invited clerical error where an obligor was not paid weekly and the scrivener was required to alter the form. The interim withholding order provided for a child support payment of $300.00 per pay period, with the word "pay" handwritten in to substitute for the word "week." The final withholding order

---

**4.** Assuming a combined tax rate of 28%, Mark would have been entitled to retain 6% of his gross pay as take home pay after child support and taxes.

**5.** Here, neither Carol nor the State as Intervenor raised the affirmative defense of laches. *See* Trial Rule 8(C). Laches is "neglect for an

unreasonable length of time, under circumstances permitting diligence, to do what in law should have been done." *Knaus v. York,* 586 N.E.2d 909, 914 (Ind.Ct.App.1992). However, this Court has held "the doctrine of laches simply does not apply to child support cases." *Id.*

provided for a child support payment of $266.00 per week (almost doubling the interim amount and constituting approximately 66% of Mark's gross pay). It is reasonable to infer from those circumstances that the intended amount was $266.00 per pay (a $34.00 deviation from the interim order) constituting approximately 33% of Mark's gross pay, yet the clerk failed to replace "week" with "pay" as in the interim order.

Indiana Trial Rule 60(A)[6] provides for the correction of clerical error that is not an error of substance. *KeyBank Nat. Ass'n v. Michael*, 770 N.E.2d 369, 374 (Ind.Ct.App.2002), *trans. denied.* Here, however, the controversy cannot be resolved merely by the identification and correction of a typographical or facial error. Alleging the illegality of the withholding order, Mark pursued relief under T.R. 60(B). A motion made under T.R. 60(B) is addressed to the equitable discretion of the trial court, circumscribed by the eight categories listed therein. *Ind. Ins. Co. v. Ins. Co. of N. Am.*, 734 N.E.2d 276, 278 (Ind.Ct.App.2000), *trans. denied.* In relevant part, T.R. 60(B)(8) provides:

> On motion and upon such terms as are just the court may relieve a party or his legal representative from an entry of default, final order, or final judgment, including a judgment by default, for the following reasons: any reason justifying relief from the operation of the judgment, other than those reasons set forth in sub-paragraphs (1), (2), (3), and (4).

On appeal, we will not find an abuse of discretion unless the trial court's decision is clearly against the logic and effect of the

facts and circumstances before it or is contrary to law. *Wheatcraft v. Wheatcraft*, 825 N.E.2d 23, 30 (Ind.Ct.App.2005). The apparent clerical error in this matter resulted in an order for the payment of child support in excess of that for which there is legal authority. This clearly presents independent grounds for seeking relief under Trial Rule 60(B).

The Indiana Child Support Guidelines were approved by the Indiana Supreme Court for use in all child support determinations after October 1, 1989. *Gielsdorf–Aliah v. Aliah*, 560 N.E.2d 1275, 1276 (Ind.Ct.App.1990). The Guidelines presume a division of the support obligation in proportion to each parent's weekly available income, consistent with Indiana Code Section 31–1–11.5–12 [now 31–16–6–1], which places a duty on either or both parents to support their children based upon the resources of the parents, standard of living had the marriage not dissolved, and the physical or mental condition of the children. *Id.* at 1277. Neither the Guidelines nor statutory authority contemplate the tender of virtually all of one parent's income as child support, regardless of the number of children.

Moreover, an income withholding order is not to be utilized to deprive an obligor of his or her means of self-support. Indiana Code Section 31–16–15–8 [*see* former I.C. 31–2–10–9 and 10] provides for notice to an obligor that a child support withholding order is subject to the provisions of 15 U.S.C. § 1673(b). This federal statutory provision limits child support withholding to 60% of an obligor's disposa-

---

**6.** This section provides: "Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the trial court at any time before the trial court clerk issues its Notice of Completion of Clerk's Record. Such corrections may be made by the trial court on its own initiative or on the motion of any party and after such notice, if any, as the court orders. After the filing of the Notice of Completion of Clerk's Record, such mistakes may be so corrected with leave of the court on appeal."

ble income. Disposable income is defined in 15 U.S.C. § 1672(b) as the earnings remaining after the deduction of amounts required by law to be withheld (such as state, federal, local, Social Security, and Medicare taxes). Accordingly, had the dissolution court intended and ordered a child support order of $266.00 weekly, and had the income withholding order been implemented as an enforcement tool, based upon Mark's undisputed income of approximately $400.00 weekly, the order would have exceeded the permissible maximum.

Finally, the trial court's determination that Mark knew he was ordered to pay $266.00 weekly is contrary to the evidence of record. Mark testified that he did not receive a copy of the wage withholding order. Carol testified that she never objected that she was receiving less than the court-ordered amount of child support. It defies logic to infer that had Mark known he was ordered to pay virtually all his disposable salary as child support, he would have merely acquiesced.

In light of the foregoing, the trial court is instructed on remand to correct the child support withholding order to reflect that the deduction was to be $266.00 biweekly (from the date of the order until modified on January 13, 2005), and to calculate the child support arrearage, if any, consistent with this opinion.

Reversed and remanded.

BAKER, C.J., and VAIDIK, J., concur.